KING v. LYMAN, EXECUTOR DE SON TORT OF GENERAL LYMAN, DECEASED.

Intermeddling with the real estate or goods, etc. conveyed by a fraudulent bill of sale of a deceased person, will not subject a man as executor *de son tort*.

ACTION of account brought against the defendant as executor aforesaid.

The defendant plead — That he was not, nor ever had been executor of the last will, etc. of said Phinehas Lyman deceased, nor had he ever administered as such. On which the parties were at issue to the jury.

The plaintiff offered evidence to prove that certain lands which were the property of said deceased, at the time of his death, had been taken and disposed of by the defendant: Also, that the defendant had taken and disposed of certain goods and chattels which were held under a fraudulent bill of sale, given of them by the deceased in his lifetime; which evidence was objected to by the defendant.

And by the COURT. The evidence is irrelevant, for no intermeddling with the real estate of the deceased will make the defendant an executor *de son tort*. Nor will his holding and disposing of goods and chattels, conveyed by the deceased in his lifetime; although the bill of sale of them was fraudulent; for though the bill of sale may be fraudulent as to creditors, it is good and valid between the parties, and upon these principles all evidence of this kind was excluded.