Sedgwick, J.
To subject lands to be taken in such case would open a great door for fraud. Whenever a person saw fit to inter-meddle with the estate of an intestate, he might cause the heirs at law to be stripped of their inheritance.
*576 The provision of the statute of 1783, c. 32, authorizing the extent of executions against executors and administrators upon the lands of a deceased testator or intestate, has been cited, and it has been argued that this provision may extend to the case of executors de son tort. Although the real estate of deceased debtors was made liable for the payment of their debts as early as the year 1696, (1) it was not until the year 1759, (2) that creditors were authorized to levy their executions on it. During that period, then, it must be agreed a creditor could not avail himselt of such real estate in satisfaction of an execution he had obtained against an executor de son tort. And the statutes of 1759 and 1783 must, according to all rules of interpretation, be understood as intending judgments against rightful executors and administrators. The same executors and administrators are authorized by the .statute last mentioned to sell the real estate of the deceased when n shall be necessary for the payment of debts, &c., on obtaining license from the proper court; but it was never heard that an executor de son tort obtained such license. So neither will a judgment agwist him authorize the extent of an execution on such real estate.
The opinion of the Court was de'xvered by
* Parsons, C. J.
The demandant in a writ of entry sur disseisin, counts on the seisin of hts father of the tenements demanded within thirty years, of a disseisin done to him by the tenant. The cause was tried on the general issue, and a verdict was found for the tenant by the consent of the parties subject to the opinion of the Court upon a case reserved.
Without detailing all the facts agreed, it is sufficient to observe that the merits of the cause depend on the question whether $t judgment, recovered by a creditor of an intestate against an executor de son tort, can be satisfied by levying an execution issued oc that judgment upon the lands which were the intestate’s, but have descended, and of which the heir is in possession.
By our laws, the lands of the debtor are made liable for the payment of debts, and may be taken on execution, either in the hands of the debtor, or after his decease in the hands of his executor or administrator. But after the debtor’s decease, the lands are made liable in aid of the personal estate, which must first be applied to *577 the payment of the debts as far as it is sufficient. And when deficient, the executor or administrator may obtain license for the sale of enough to make up the deficiency. Or, if they are not sold on a license duly obtained, the creditor may take them by execution in satisfaction of his judgment. And if, by the fault of the executor or administrator, in not collecting the personal estate, or in not applying it to pay the debts, the lands are taken from a devisee or heir, the executor or administrator is liable, in an action for waste, to the devisee or heir, who is injured by the waste.
An executor de son tort has no legal control over the personal estate; he has no authority to collect the effects of the deceased. His intermeddling is an unlawful act, by which he is liable to a creditor so far as he has intermeddled ; or if, when sued, he falsely deny that he is executor, he is made chargeable by his false plea for the debt out of his own estate, if he has not personal estate of the deceased sufficient to pay it. But no action lies against him for waste by subjecting the real estate to be taken in execution, for *not paying the debts of the deceased. And [ *659 ] no intermeddling with the lands of the deceased will charge him as executor, but such intermeddling is a wrong done to the heir or devisee.
From this short view of the character, authority, and liability, of an executor de son tort, and of our laws making lands liable for the payment of debts, we are satisfied that the lands of one deceased are not liable to be taken to satisfy a judgment recovered against an executor de son tort; that, having no character by which he can obtain license to sell lands for the payment of debts, the lands cannot, in legal construction, be estate of the deceased in his hands; and that to admit the lands to be taken to satisfy a judgment recovered against him would be extremely mischievous, as no action for waste in not collecting the personal estate, and paying the debts, will lie against him for a devisee or heir, who may consequently be unjustly deprived of their lands without an adequate remedy.
The levy, in the case before us, by the tenant on the lands of the demandant’s father, who was lawfully seised of them, was an entry unjustly, and without judgment of law, and amounted to the disseisin complained of. Pursuant to the agreement of the parties, the verdict must be set aside, and a general verdict for the demandant be entered, and judgment be rendered upon it for him to recover his seisin with costs.
It may be proper to remark that, in cases like the present, where a creditor would avail himself of the lands of an intestate for the payment of his debts, if the next of kin refuse administration, as a *578 creditor he is entitled to it, and in this character, on a deficiency of personal assets, he may have a license to sell land enough to pay his own debt.