### CLAUSSEN, *Guardian v.* LAFRENZ.

Where a party appears to have acted under color of title; or has intermeddled only with the lands of deceased, he cannot be regarded as an executor *de son tort.*

Where matters of account affecting heirs relate to the rents, &c. of lands in controversy, and where such account can be adjusted in the action at law in relation to the land, it would furnish no reason for taking the case into equity.

Where a petition does not set out a case of trust nor pray for relief for that cause, it cannot present a case for equity jurisdiction on the ground of trust.

Where a party has an adequate remedy at law, he cannot resort to chancery.

The distinction between law and equity jurisprudence is recognized by the constitution, and is not abolished by the Code.

### *Appeal from Scott District Court.*

*Opinion by* GREENE, J. The petition in this case, was filed by C. R. Claussen, as guardian of the minor heirs of P. C. Burmaster, deceased, against J. H. Lafrenz, who had married the mother of the infant wards. The petition is in chancery, and seeks to recover the possession, rents, profits, &c., of lands. To this petition defendant demurred, on the ground that plaintiff has an adequate remedy at law. Demurrer sustained.

It is claimed that the court erred in sustaining the demurrer, and in dismissing the bill. It is urged that equity has jurisdiction of the cause.

1. Because the defendant is an *executor in his own wrong,* in consequence of his having taken possession of the lands of a deceased person, which belonged to heirs, and converted the property to his own use. The averments in the petition, do not even intimate facts which could make defendant an executor *de son tort.* They merely show that he took possession of the property by virtue of his marriage, to the mother of the infant heirs. His wife had her interest in the property as doweress, and he as her

husband acquired an interest in her property. There was then some color of title for his possession. It is not pretended that he or his wife claimed, under any fraudulent conveyance. A party in possession of property under color of title, cannot be regarded as an executor *de son tort*. *Densler* v. *Edwards*, 5 Ala., 31. Besides, no intermeddling with the lands of deceased, will charge a person as executor in his own wrong, because, such interference is a wrong done to the heirs or devisers. *Mitchel* v. *Lunt*, 4 Mass. 654; *King* v. *Lyman* 1 Root, 104; *Morrill* v. *Morrill*, 1 Shep., 415.

2. It is argued that equity has jurisdiction to adjust the matters of account affecting heirs. But as these matters of account relate entirely to the rents, issues and profits of the land in controversy, and as they would be included in an adjustment of rights to the land under our Code, it follows that this would not be a sufficient reason for taking the cause into equity.

3. It is contended that equity has jurisdiction of this case, on the ground of trust. But the petition presents no *question* of trust. A declaration of trust is made a part of the petition, but that declaration is made by the wife of appellee, in behalf of the wards of appellant, and involves no question that could not be adjusted between the parties in an action of right. Besides, a case of trust is not set forth in the petition, nor does the petition seek relief on that account, and therefore it does not present a case for equity jurisdiction on the ground of trust.

4. In form the petition is in chancery, but the relief prayed for, is fully and adequately furnished at law. When a party has a plain and adequate remedy at law, he cannot resort to chancery. In this case the statutory action of right is sufficiently comprehensive to cover the entire remedy sought, so far as that remedy could be given without affecting parties outside of the petition.

5. The petition is framed with the view of blending law

Vol. IV.——16.

and equity, and still without seeking the remedy under the authorized action of right. Under the garb of chancery, it prays for legal rights and the benefits of the statute. It is a proceeding in which law, equity and the statute are so blended and confounded, that it cannot be designated as belonging to either, and this, counsel attempt to justify, declaring that the Code has abolished all distinction in the forms of actions and has removed all demarkations between law and equity jurisprudence.

That the Code has abolished all distinctions in the forms of actions at law, is true; but it is not true that law and equity are blended. The legislature had the power to do the one, but not the other. The constitution declares that, "the district court shall be a court of law and equity." The district court then is invested with all the powers of a court of law, and also with the powers of a court of equity, "and have jurisdiction in all civil and criminal matters arising in their respective district, in such manner as shall be presscribed by law." Here two distinct attributes are attached to the district judge. He is invested with chancery jurisprudence and with all the general powers of a court at law. In conferring these separate powers upon the district courts, the constitution makes an obvious distinction. "Law," is as much distinguished from "equity" as civil matters are distinguished from criminal. As well say that the legislature have power to blend civil and criminal matters into one common form of procedure, without distinction, as to say they do so in reference to the distinction between law and equity.

Again, in confining the jurisdiction of the supreme court, the distinction between law, and equity, is still more broadly defined. Art. 5, § 3; "The supreme court shall have appellate jurisdiction only in all cases in chancery, and shall constitute a court for the correction of errors at law, under such restrictions as the general assembly may by law prescribe." The constitutional boundary between the law and equity attributes of

Claussen *v.* Lafrenz.

the supreme court, is too well defined to be erased or evaded by legislative action. Under the appellate jurisdiction of a chancery case, that court is authorized to investigate it in all its merits and equities, while in an action at law, that court can only correct errors which are patent of record.

In order to bring causes within these defined powers of the supreme court, it obviously follows that the distinction between a case in chancery and an action at law, must be observed, so that the review or correction may come under the appropriate department of the court.

We conclude, then, that the distinction between law and equity cannot be constitutionally abolished, nor do we think that the Code, expressly conflicts with the constitution in that particular. In declaring " all technical forms of actions and of pleading are hereby abolished," § 1733; in stating that the petition must contain a statement of the facts constituting the cause of action, § 1736; and in the provisions in the subsequent sections in relation to the answer, demurrer, set-off, and other pleadings, we can see no determination to blend law and equity indiscriminately in these proceedings. In abolishing all technical forms of actions and of pleadings, it does not follow that the distinction in the two great divisions of jurisprudence is abolished. You may do away with technical forms in actions at law, and dispense with technical forms of pleadings in equity, and still, the fundamental principles and distinctive features of law and of equity remain unimpaired.

Although several causes of action may be united in the same petition, § 1751; they must be either on the law, or chancery side of the court. This and the other sections of the Code to which we are referred, were no doubt intended to harmonize with the constitution. This intention is the more apparent from the fact that there is nothing in the language of these sections calculated to confound the distinction between those widely different jurisdictions. There is no such intention expressed in the Code, and certainly it cannot be justified by inference or intendment.

Those sections of the Code to which we are referred with so much apparent confidence by counsel for appellant, have obvious reference to actions at law, and make no allusion to cases in chancery. Indeed there is but little in the Code referring to, or attempting to regulate chancery practice. In this state, then, we must look mainly to established works on equity jurisprudence, pleadings and practice, to guide us in chancery proceedings.

The cases referred to by appellant, are not applicable to this state. There is not only a great difference between their Code and ours, but there is also a radical difference between their constitution and ours. We therefore cannot consider the decisions from New York, in any way applicable to this case.

We conclude that the court below ruled correctly in sustaining the demurrer.

Decree affirmed.

*Grant, Cook* and *Dillon*, for appellant.

*G. C. R. Mitchell*, for appellee.