Merrimack, ?
Dec., 1899. $

ELA, *Ap't, v.* ELA, *Adm'r.*

ELA, *Ap't, v.* SAME.

Evidence that a deceased tenant in common accounted to his cotenants for rents collected during a series of years, made an evasive answer to their subsequent demand, and failed to reply to a similar demand by letter, is sufficient to justify a finding that collections were made by him in the same amounts after such accounting.

One who intermeddles with the real estate of a person deceased is not thereby constituted an executor *de son tort.*

A tenant in common cannot maintain an action against his cotenant for a share of the rents collected by the latter until after a demand for an accounting, made within a reasonable time after the receipt of the funds ; and the statute of limitations does not begin to run until the cause of action accrues.

APPEALS, from the report of a commissioner disallowing the plaintiffs' claims against the estate of George W. Ela. Joseph Ela died at Mobile, Alabama, February 21, 1861, intestate, leaving as heirs five brothers and sisters, of whom Elizabeth Ela was one. She died November 22, 1867, leaving as heirs three children, two of whom are plaintiffs. April 28, 1863, George took out administration in this county upon Joseph's estate. Joseph owned real estate in Mobile which was occupied by W. T. Ayers. George never took out administration in Alabama, but collected the rents of Ayers from 1861 to June, 1872, and accounted for them as administrator in the probate court for this county in November, 1873. The annual rental was $675, and he collected this amount in 1873 for rents to June of that year. Ayers continued to rent the building of George up to 1883. George settled a second account in February, 1892, but did not include the rents collected after 1872. On learning that these subsequent rents were not included, the plaintiffs made a demand upon him for their respective shares. To this demand he made an evasive answer; and to a subsequent like demand by letter, no answer. The court found that the rental remained the same after 1873 as before, and that George collected it during the years for which the plaintiffs seek to recover.

George purchased James' interest in the premises November 15, 1875, and Jacob's interest, April 26, 1879. He died in 1893, and the defendant is administrator of his estate. The defendant pleads the general issue and that the cause of action did not accrue within six years of George's decease.

*Sargent & Niles,* for the appellants.

*John M. Mitchell,* for the administrator.

PIKE, J.   The finding of the court that the rental remained the same after 1873, and that George collected the rents during the years for which the plaintiffs seek to recover, was justified by the evidence.   " A state of things once shown to exist is presumed to continue until something is shown to rebut the presumption." *Wells* v. *Burbank,* 17 N. H. 393, 409 ; *State* v. *Colston,* 53 N. H. 483.   Not only was there no evidence that tended to rebut the presumption that George continued to collect the rents after 1873, but there was evidence that tended to its support.   When the plaintiffs, on learning that George had not included the rents in his second account, made a demand upon him for their respective shares, George made an evasive answer, and to a subsequent like demand by letter no answer was returned.   The demands thus made implied a claim that George had collected the rents since 1873.   To this he was naturally called upon to make a reply, and his evasion and failure to explain was evidence of an admission on his part that he had made the collections in dispute.   *Corser* v. *Paul,* 41 N. H. 24, 29 ; *Roberts* v. *Rice,* 69 N. H. 472.

The plaintiffs say that the rents in question were collected by George, either as executor *de son tort,* or as a cotenant, and that in either event they are entitled to recover their shares from his estate.   An executor *de son tort* is one who intermeddles with the personal property of a deceased's estate before an administrator has been appointed.   Will Ex. (6th ed.)   296 ; Schoul. Ex. (2d ed.), s. 184 ; *Leach* v. *Pillsbury,* 15 N. H. 137, 139 ; *Brown* v. *Leavitt,* 26 N. H. 493, 494 ; *Emery* v. *Berry,* 28 N. H. 473, 481.   The estate over which George assumed control was not personal property, and no intermeddling with real estate will constitute a person an executor *de son tort.*   Schoul. Ex. (2d ed.), s. 191 ; *Mitchell* v. *Lunt,* 4 Mass. 654 ; *Campbell* v. *Sheldon,* 13 Pick. 8, 22.

In the absence of evidence as to the law of Alabama respecting the descent of real estate, it is assumed that the common law obtains.   At common law real estate does not pass to the administrator, but descends to the heirs, who hold it as tenants in common.   If one tenant collects the rents, he is bound to account therefor to his cotenants in assumpsit or some other appropriate form of action.   *Gage* v. *Gage,* 66 N. H. 282.   The right of action in such case does not accrue until after a demand for an accounting has been made, " and the statute [of limitations] does not begin to run until the cause of action accrues."   *Hutchins* v. *Gilman,* 9

N. H. 359, 363. Such a demand must be made within a reasonable time after the rents have been received; and what is a reasonable time is a question of fact to be determined at the trial term. *Austin* v. *Ricker*, 61 N. H. 97, 99; *Hoit* v. *Stratton Mills*, 54 N. H. 109. If, upon further hearing, it is found that the plaintiffs' demands were seasonably made, they are entitled to recover their respective shares of the rents collected, with interest from the dates of demand. *Livermore* v. *Rand*, 26 N. H. 85, 91; *Smith* v. *Davis*, 45 N. H. 566, 570.

*Case discharged.*

BLODGETT, C. J., did not sit: the others concurred.