Merrimack,
April 5, 1904.

### ELA, *Ap't, v.* ELA, *Adm'r.*

### ELA, *Ap't, v.* SAME.

PROBATE APPEALS. The cases are those reported *ante, p.* 216. The court held, subject to the defendant's exception, that the only question for trial in the first case was the amount of rent collected by the defendant's intestate, George W. Ela, between 1873 and 1876 ; and the only questions in the second case were the amount collected between 1873 and 1879, and whether the claim had been released. The cases were assigned for trial at a subsequent day in the term, and when the time arrived were continued, the above mentioned limitations as to the questions for trial being entered upon the docket. The defendant excepted to the entry, on the ground that if such limitations are warranted they should be made by the court which tries the cases. Transferred from the October term, 1903, of the superior court by *Young*, J.

*Sargent, Niles & Morrill*, for the plaintiffs.

*Mitchell & Foster*, for the defendant.

CHASE, J. These cases are appeals from the report of a commissioner disallowing the plaintiffs' claims against the estate of George W. Ela. The claims consist of fractional parts of rents of real estate in Mobile, Alabama, belonging to the estate of Joseph

Ela, deceased, collected by George W. between the years 1873 and 1879, the plaintiffs being heirs-at-law of a deceased heir-at-law of Joseph. Upon the first hearing of the cases, it was found that for a number of years prior to 1873 George W. collected rent for Joseph's interest at the rate of $675 a year, and duly accounted for it in an account settled by him as administrator of Joseph's estate, with the probate court which appointed him; that he continued to rent the real estate to the same tenant for a number of years, but had not accounted for the rental; and that the rental remained the same after 1873 as before, and was collected by George W. for the years for which the plaintiffs seek to charge his estate. 206 Briefs and Cases 183. Upon the transfer of the cases to the law term, it was held that " the finding of the court that the rental remained the same after 1873, and that George collected the rents during the years for which the plaintiffs seek to recover, was justified by the evidence." *Ela* v. *Ela*, 70 N. H. 163. The defendant then moved for a new trial, on the ground of newly discovered evidence tending to prove (1) that there was an Alabama statute by which the plaintiffs were not entitled to any part of the rentals, (2) that the rental received subsequent to 1873 was less than that found by the court, and (3) that the claim which was the subject of suit in the second case had been released. The superior court found, as to the first point, that there was no newly discovered evidence which would justify a new trial; as to the second and third points, that there was newly discovered evidence tending to prove that the rental received by George W. for the years involved in the appeals was less than at the rate of $675 a year; and as to the third point, that there was newly discovered evidence tending to prove a release. New trials were ordered on the second and third grounds; and the plaintiff's motions, that the trials be limited in both cases to the question of damages and in the second case to the question of release, were denied subject to exception. This exception was sustained, and the question is not now an open one. *Ela* v. *Ela*, *ante*, p. 216. It is apparent from the foregoing history of the cases that these are the only questions of fact affected by the newly discovered evidence; that the question of the defendant's liability is in no way affected by that evidence, and the decision of it at the first trial should stand. The orders before the court upon the present transfer are in accordance with the decision; and the circumstances seem to have required that they should be entered on the docket for the government of the trial.

                                                    *Exception overruled.*

YOUNG, J., did not sit: the others concurred.