COMMONWEALTH vs. RONALD W. BELCHER.

Plymouth. March 6, 2006. - May 12, 2006.

Present: MARSHALL, C.J., GREANEY, IRELAND, SPINA, COWIN, & CORDY, JJ.

*Obscenity,* Dissemination of obscene matter to minor. *Practice, Criminal,* Instructions to jury.

At the trial of an indictment charging the defendant with dissemination of matter harmful to a minor, in violation of G. L. c. 272, § 28, the judge's instructions to the jury did not improperly permit them to convict the defendant on the basis of inadvertent conduct, where the use of the words "exhibited or displayed" in conjunction with the words "to a person under eighteen years of age" indicated intentional behavior on the part of the defendant. [695-697]

INDICTMENT found and returned in the Superior Court Department on April 3, 2000.

The case was tried before *Patrick F. Brady*, J.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Robert F. Shaw, Jr.*, for the defendant.

*Mary E. Lee*, Assistant District Attorney, for the Commonwealth.

IRELAND, J. The defendant was tried on three indictments charging rape, two indictments charging indecent assault and battery on a person over fourteen years of age, one indictment charging incest, and one indictment charging dissemination of matter harmful to a minor.[1] A Superior Court jury acquitted him of all charges except the dissemination of matter harmful to a minor. G. L. c. 272, § 28. The defendant appealed, arguing that the trial judge erred in failing to instruct the jury that the dissemination must be the result of purposeful, intentional conduct. The Appeals Court affirmed the conviction in an unpublished

---

[1]Prior to trial, the defendant pleaded guilty to one indictment charging unlawful possession of a firearm or ammunition.

memorandum and order pursuant to its rule 1:28. *Commonwealth* v. *Belcher*, 64 Mass. App. Ct. 1107 (2005). We granted the defendant's application for further appellate review. Because we conclude that there was no error in the judge's instruction, we affirm the defendant's conviction.

*Background.* We recite the relevant facts in the light most favorable to the Commonwealth, reserving certain details for our discussion of the issue raised. The victim was the defendant's niece,[2] who was seventeen years old at the time and had an IQ under fifty, causing her to function at the level of a ten year old child. Until 1999, the victim often had overnight visits at the defendant's house. The victim testified that during some of the visits, when the defendant's wife was not at home, the defendant showed her "adult" videotapes. During one such visit, the victim testified that while she and the defendant were both in the living room, the defendant played a videotape, showing "a guy and a girl" with no clothes on, "playing with each other." The victim testified that the people in the videotape were touching each other's private parts, and that the people were lying down, with the man on top, moving up and down. While the videotape was playing, the defendant was wearing only a blue bathrobe, and was masturbating. In addition, the victim testified that the defendant showed her photographs depicting the defendant and his wife naked, including one where the defendant's wife was performing oral sex on the defendant. There was another photograph showing the defendant and another woman engaged in sexual activity.

A police search of the defendant's home in January, 2000, revealed numerous "adult" videotapes located throughout the home, including the living room. In a drawer in the defendant's bedroom, police found several photographs depicting the defendant in sexual acts with his wife, and some depicting him in sexual acts with another woman. The police also found the defendant's blue bathrobe.

The defendant and his wife testified at trial. The defendant denied ever watching "adult" videotapes with the victim or showing her any of the photographs. The defendant's wife testi-

---

[2]The defendant is approximately fifteen years older than the victim and is the brother of the victim's mother.

fied that she worked in a video rental store, that she and her husband had over 1,000 videotapes, and that about ten or eleven of them were "adult." She stated that the "adult" videotapes were usually kept in the bedroom, but that some of them may have been in the living room. Before the victim came to their home, the defendant's wife would try to remove all of the "adult" videotapes from the living room. Both the defendant and his wife testified that they had found the victim watching "adult" videotapes, reprimanded her, and took them away. They both testified that they kept the photographs in question in the defendant's nightstand in the bedroom, and the defendant testified that he saw the victim going through that drawer, as well as his bureau drawers. On at least one occasion, the defendant's wife reprimanded the victim for going into the bedroom, a room she was not allowed to enter.

*Discussion.* General Laws c. 272, § 28, provides, in relevant part:

> "Whoever disseminates to a minor any matter harmful to minors, as defined in section thirty-one,[3] knowing it to be harmful to minors, or has in his possession any such matter with the intent to disseminate the same to minors, shall be punished by imprisonment . . . or by a fine . . . ."

In his charge to the jury, the judge instructed that the Commonwealth had to prove, beyond a reasonable doubt, that (1) the matter was harmful to minors; (2) the defendant knew the matter was harmful to minors; and (3) the defendant disseminated that matter to a minor. The judge also defined the relevant terms in each of these elements, in accordance with the statutory definitions in G. L. c. 272, § 31. See note 3, *supra*. After defining "matter" and "harmful to minors," the judge defined "knowing" as a "general awareness of the character of the matter." The judge defined "minor" as a person under eighteen years of age, and then defined "dissemination" as the following: "the Commonwealth must demonstrate beyond a reason-

---

[3]General Laws, c. 272, § 31, defines a "[m]inor" as a person under eighteen years of age; defines "[d]isseminate" as "to import, publish, produce, print, manufacture, distribute, sell, lease, exhibit or display"; and defines "[k]nowing" as "a general awareness of the character of the matter."

able doubt that the defendant *exhibited* or *displayed* the harmful matter in question *to* a person under eighteen years of age" (emphasis added).

The defendant claims that because the evidence fairly raised the question whether the harmful matter was inadvertently displayed, the judge erred in failing to instruct the jury that the defendant could not be convicted under the statute absent purposeful or intentional dissemination of the material. At trial, the defendant did not object to the judge's instruction, nor did he request that the judge instruct the jury concerning the meaning of the word "dissemination." In reviewing an unobjected-to claim of error in a jury instruction, the court must determine whether there is an error in the charge that creates a substantial risk of a miscarriage of justice. See *Commonwealth* v. *Whitman*, 430 Mass. 746, 750 (2000). We consider the jury charge as a whole, "looking for the interpretation a reasonable juror would place on the judge's words." *Commonwealth* v. *Harbin*, 435 Mass. 654, 658 (2002), quoting *Commonwealth* v. *Trapp*, 423 Mass. 356, 361, cert. denied, 519 U.S. 1045 (1996).

General Laws c. 272, § 28, requires purposeful activity for proof of guilt. See *Commonwealth* v. *Horton*, 365 Mass. 164, 172 (1974) ("Speaking generally, G. L. c. 272, § 28, deals with actual or intended sales, exhibitions, or distributions of certain material harmful to minors"); *Commonwealth* v. *Rollins*, 60 Mass. App. Ct. 153, 157, 160 (2003) (evidence insufficient where no minors saw matter and where evidence suggested that defendant did not intend for them to see it).

The judge's instructions tracked the language of § 31, using "exhibited" or "displayed." "These terms must be given their usual and accepted meaning so long as it is consistent with the statutory purpose . . . Webster's Third New International Dictionary 2105-2106 (1971) uses 'show' as a synonym for 'display' and defines 'show' as 'to cause or permit to be seen.' Black's Law Dictionary 514 (5th ed. 1979) defines 'exhibit' as: 'To show or display; to offer or present for inspection.' " *Commonwealth* v. *Lotten Books, Inc.*, 12 Mass. App. Ct. 625, 628 (1981). Moreover, the words "exhibited or displayed" were used in conjunction with the words "*to* a person under eighteen years of age," indicating intentional behavior on the part of the defendant (emphasis added).

In addition, at trial, the Commonwealth did not argue that the defendant inadvertently showed the victim the material, and the defense was that the defendant did not show the material to the victim at all. In no part of their testimony did the defendant or his wife suggest that they inadvertently "permitted" the videotapes or photographs to be seen by the victim. The defendant testified that when he found the victim watching an "adult" videotape on one occasion, he was angry "[t]owards myself" about not putting all the videotapes away. He stated that he tried to be more cautious about locking up all the "adult" videotapes in order to hide them more effectively from the victim. Such testimony, if believed, does not indicate that the defendant negligently "permitted" the victim to view the materials. In fact, the testimony demonstrated that he actively attempted to prevent her exposure to the materials. We conclude that in hearing this testimony, coupled with the words the judge used in his instruction, the jury could not have found the defendant's actions "accidental" or "negligent" and incorrectly convicted the defendant on the basis of inadvertent conduct.[4]

*Conclusion.* For the reasons stated above, there is no merit to the defendant's claim that the judge erred in instructing the jury. Although there was no error in the judge's instructions to the jury, we conclude that, in the future, a judge should emphasize that the dissemination must be purposeful or intentional on the part of the defendant.

*Judgment affirmed.*

---

[4]The closing arguments also would have reinforced to the jury that the defendant's actions had to have been purposeful for him to be convicted. Defense counsel stressed the exculpatory character of the defendant's testimony that "he never showed these movies to [the victim]. He never showed her any naked photos." The prosecutor never suggested that the defendant could be convicted merely because he was negligent in leaving the materials around, allowing the victim to exhibit the materials to herself. The prosecutor rather argued that the "relevant" aspect of "dissemination" was "when you're showing pictures to your niece . . . with you and your wife or some other woman engaging in sexual conduct."