NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1060

COMMONWEALTH

vs.

JASON I. SILVERMAN.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a jury trial in the Roxbury Division of the Boston Municipal Court Department, the defendant was convicted of a civil rights violation under G. L. c. 265, § 37.[1]  On appeal, he argues that the judge erred by (1) failing to give the jury a specific unanimity instruction, and (2) deterring the jury from asking questions.  We affirm.

Discussion.  1.  Specific unanimity instruction.  The defendant contends that the judge erred by failing to give a specific unanimity instruction as to "which particular constitutional right [was] implicated."  Because trial counsel

_____

[1] The defendant was found not guilty of assault and battery by means of a dangerous weapon (ABDW).

did not request such an instruction or object to its not being given, we review to determine whether any error created a substantial risk of a miscarriage of justice.[2]  See Commonwealth v. Gaughan, 99 Mass. App. Ct. 74, 81 (2021).

"[A] defendant is entitled to a specific unanimity instruction 'when the Commonwealth has proceeded on "alternate theories"' of guilt, defined as 'separate, distinct, and essentially unrelated ways in which the same crime can be committed.'"  Commonwealth v. Arias, 78 Mass. App. Ct. 429, 432 (2010), quoting Commonwealth v. Santos, 440 Mass. 281, 287-288

---

[2] At trial, the following exchange occurred:

Defense counsel:  "Did you do the specific unanimity instruction, Your Honor?"

The judge:  "There isn't specific unanimity here.  We're only doing one theory."

Defense counsel: "Okay."

The judge:  "Right?  There is not recklessness, and, actually, I don't think you need it anyway."

Defense counsel:  "Okay.  Thank you, Your Honor."

The judge:  "But we're only -- you told me -- everybody agrees, intentional only.  Right?"

Defense counsel:  "Yes."

While the defendant contends that a specific unanimity instruction was requested as to the civil rights violation, we read the request to refer only to the charge of ABDW.  See Commonwealth v. Mistretta, 84 Mass. App. Ct. 906, 907 (2013).

2

(2003).  It seems unlikely that a civil rights violation would fall into this rubric, as the gravamen of the crime is the willful use of force or threats to interfere with a person's enjoyment of constitutional rights.  See Commonwealth v. Pike, 52 Mass. App. Ct. 650, 653 (2001), quoting G. L. c. 265, § 37.  The particular constitutional right is merely "a way of proving the 'element of,'" in this case, enjoyment of a constitutional right.  Commonwealth v. Oquendo, 83 Mass. App. Ct. 190, 194 (2013), quoting Commonwealth v. Blache, 450 Mass. 583, 593-594 (2008).

In any event, there was no substantial risk of a miscarriage of justice here.  Throwing a soda can at and using a racial slur against the victim plainly interfered with both her constitutional right to travel and her constitutional right to live freely.  There is no serious possibility from the facts at trial that a juror could find that the victim enjoyed one of those rights and not the other, or that one of those rights but not the other was interfered with by the racial slur and thrown soda can.

2. Jury instruction.  The defendant argues that the judge's instructions "deter[ed] the jury from asking questions on any matters they [did not] understand while deliberating."  As the defendant did not object, we review to "determine whether

3

there is an error in the charge which creates a substantial risk of a miscarriage of justice." Commonwealth v. Belcher, 446 Mass. 693, 696 (2006).

Here, during the final jury charge, the judge instructed the jury that:

> "[I]n the unlikely event that there is a question, there may be, we don't expect it, but if there is one, it will be the foreperson's responsibility to put that question down in a way that all of you agree it should be, and you can sign and date that piece of paper. That piece of paper you may give to the court officer. She'll bring it back to me, and then we'll decide what to do. I'm not suggesting you have a question, that's just the formal way of doing it."

Relying on Commonwealth v. Donovan, 15 Mass. App. Ct. 269, 272-273 (1983), the defendant contends that this instruction interfered with his right to a fair trial, and that if the instruction was error, its effect "cannot be determined" and he is excused from demonstrating that the error was substantial or prejudicial. Whereas in Donovan, the jury was prevented from seeking reinstruction by a court officer, an error compounded by the judge's inaction once it was brought to her attention, see id. at 270-273, here the judge merely explained the procedure for asking a question in the event the jury had one. We do not read the judge's comments in context to suggest in any way that the jurors were precluded from asking questions, thus we discern no error and no substantial risk that justice miscarried. See Belcher, 446 Mass. at 696, quoting Commonwealth v. Harbin, 435

4

Mass. 654, 658 (2002) ("We consider the jury charge as a whole, 'looking for the interpretation a reasonable juror would place on the judge's words'").

Judgment affirmed.

By the Court (Blake, C.J., Ditkoff & Brennan, JJ.[3]),

Clerk

Entered:  June 20, 2025.

---

[3] The panelists are listed in order of seniority.