COMMONWEALTH *vs.* WARREN DONOVAN.

Middlesex.   October 15, 1982. — February 7, 1983.

Present: KASS, ROSE, & SMITH, JJ.

*Practice, Criminal,* Deliberation of jury, New trial. *Jury and Jurors.*
    *Error,* Harmless.

Where the jurors at a criminal trial were prevented from asking a ques-
    tion of the judge during their deliberations by erroneous advice from a
    court officer and the judge on being told of the incident did nothing,
    the defendant was entitled to a new trial without the necessity of
    showing that the error was substantial or prejudicial. [271-273]
A criminal defendant's failure to object to the judge's lack of response to
    certain conduct of a court officer did not preclude him from raising the
    issue on appeal where the trial judge had permitted the issue to be pre-
    sented on a motion for a new trial. [273-274]

INDICTMENTS found and returned in the Superior Court
Department on March 10, 1981.

The cases were tried before *Hayes,* J., a District Court
judge sitting under statutory authority.

*Joseph F. Annunziata, Jr.,* for the defendant.

*Susan C. Mormino,* Assistant District Attorney, for the
Commonwealth.

SMITH, J.   The defendant was indicted for rape and
assault and battery.   At the jury trial, the victim testified
that she was raped by the defendant at a party.   The de-
fendant, in turn, admitted that he had engaged in sexual ac-
tivities with the victim but testified that they were consent-
ed to by the victim and that he never attained penetration.
At the conclusion of the four-day trial, the trial judge, a
District Court judge sitting in the Superior Court under
statutory authority, sent the jury out to deliberate.   The
jury deliberated for parts of three days and returned guilty
verdicts on both indictments.   Subsequently, the defendant

filed a motion for new trial, alleging that an improper com-
munication from a court officer to the foreman of the delib-
erating jury had denied him due process. The judge, after a
hearing, made findings and denied the motion. We sum-
marize the judge's findings which were based on his notes,
portions of the trial transcript and affidavits filed by defense
counsel and the court officer.

The jury began its deliberations at approximately 12:30
P.M. on June 1, 1981, and separated at 4:00 P.M., not having
returned verdicts. The following day they resumed delibera-
tions at 1:00 P.M. because one of the jurors was late. At
approximately 3:55 P.M., the jury sent a written communica-
tion to the judge requesting an instruction on the "legal defi-
nition of assault and battery."[1] The note was signed by the
foreman "on behalf of the jury." The judge, after conferring
with counsel, reinstructed the jury as to the definition of
assault and battery and the jury resumed deliberations. At
4:15 P.M., the jury sent another written communication to
the judge which he opened in the presence of counsel. The
note, signed by the foreman "on behalf of the jury" stated
that "[t]he jury has not been able to reach a unanimous ver-
dict on either indictment." After conferring with counsel,
the judge excused the jury until the following day. On June
3, 1981, the jury resumed deliberating at 10:00 A.M. The
jury returned guilty verdicts in the mid-afternoon.

The judge found that on June 3, 1981, "substantially
prior" to the time that the jury returned guilty verdicts, the
foreman informed a court officer that the jury had another
question. The court officer asked the foreman whether it
was a question of law or of evidence and the foreman re-
plied "evidence." The court officer then stated to the fore-
man that "it was their collective memory they had to rely on
for evidence and that I couldn't take a question on evidence,
only on law." The court officer reported this conversation

---

[1] The note stated, in its entirety, "Request instruction as to the legal def-
inition of assault and battery. Also is the definition of beat different from
battery?"

to the trial judge "within a reasonable time" after it had occurred.[2] After discussing the matter with the court officer and the assistant clerk, the judge did nothing about the conversation between the court officer and the foreman. The judge also found that the court officer told defense counsel about his communication with the foreman about the same time that the conversation was reported to the judge. He concluded that the "defendant's attorney did not object to the procedure [the judge] followed but chose to wait for the verdict."[3] The prosecutor, apparently, was not notified of the conversation until several days after the return of the verdict.[4]

After the defendant filed his motion for a new trial, the judge allowed the defendant's motion to produce the foreman to establish a record regarding the question that was not taken by the judge. At the hearing, the foreman could not remember the question but stated, "[I]t was a question about the difference between two terms in the legal document that we had." The judge concluded that the intended question was not directed toward "evidence" as indicated in the foreman's reply to the court officer's question on June 3, 1981.

---

[2] The court officer stated in his affidavit that he informed the trial judge of his conversation with the foreman immediately after it had occurred. According to the judge's memorandum, the court officer's claim did not agree with the judge's notes which indicated that he was informed by the court officer of the conversation about forty-five minutes to one hour after it had occurred. In any event, the judge found that the conversation was reported to him within a reasonable time.

[3] The defendant's attorney in his affidavit stated that "the [c]ourt [o]fficer said to defense counsel that he had cleared his procedure with the [c]ourt and that everybody's rights were protected." The court officer's affidavit states that he "related to [defense counsel] what had occurred" but does not mention that part of the conversation found in defense counsel's affidavit. There is no indication in the judge's memorandum as to the source of his conclusion that defense counsel "chose to wait for the verdicts."

[4] The court officer stated in his affidavit that he "did not inform the Assistant District Attorney of these events until the following week when she approached me."

The judge admitted that he erred in not receiving the jury's question but denied the motion for new trial because "the record does not indicate how this error was either substantial or had a prejudicial effect on the jury's verdict." We reverse.

The right to a fair trial includes the right to a fair final decision. *Commonwealth* v. *Marks*, 12 Mass. App. Ct. 511, 520 (1981). In reaching their decision, the jury have the right, indeed the duty, to seek from the trial judge reinstruction on those matters of law that the jury do not fully understand. Here, the jury's attempt to seek such reinstruction was blocked by a court officer who, for some reason, thought it necessary for the foreman to seek his permission before the jury could be returned to the courtroom. The error of the court officer was compounded by the subsequent conduct of the judge. Upon being notified of the court officer's communication with the jury, the judge did nothing. We have held that once a trial judge becomes aware of circumstances indicating an irregularity in jury deliberations, the judge should take immediate affirmative steps to protect the rights of both the accused and the Commonwealth. *Commonwealth* v. *Marks*, 12 Mass. App. Ct. at 518-522. As a minimum the judge should inform counsel for both sides, on the record, as well as the defendant, of the irregularity. In addition, with counsel participating in the effort, the judge should endeavor to correct the problem, if possible. Here, after notifying counsel for both sides of the court officer's misconduct, the judge should have instructed the jury in emphatic terms that a court officer has no role to play in the process by which a jury reaches its decision and that the jury, through its foreman, should submit the question to the judge.

The judge, in denying the defendant's motion for new trial, admitted that he erred in not receiving the jury's question. The judge, nonetheless, concluded that "the record does not indicate how this error was either substantial or had a prejudicial effect on the jury's verdict," and that

"[w]ithout knowing the specific question, I have no way of knowing how my error might have affected the jury's verdicts." The judge, of course, did not know the substance of the jury's question because he failed to receive the question after being notified of the court officer's conduct. In similar circumstances involving an improper communication to the jury, and where the contents of that communication were either unknown or not part of the record, prejudice to the defendant has been presumed.[5] *Wheaton* v. *United States*, 133 F.2d 522, 527 (8th Cir. 1943). *United States ex rel. Tobe* v. *Bensinger*, 492 F.2d 232, 238 (7th Cir. 1974). *United States* v. *Gay*, 522 F.2d 429, 435 (6th Cir. 1975). 3A Wright, Federal Practice and Procedure § 724 (2d ed. 1982). Because the effect on the jury deliberations of the possible answer to the proposed question cannot be determined because of the judge's error, the defendant is excused from demonstrating that the judge's error was substantial or prejudicial. The Commonwealth failed to produce any evidence to rebut the presumption and, therefore, we must conclude that the defendant has suffered prejudice.

The Commonwealth argues that because defense counsel failed to object to the lack of response of the judge to the court officer's conduct, the issue is waived. The Commonwealth's argument is misplaced because this appeal is based on a denial of a motion for a new trial, and trial judges have the discretionary power to permit issues, not raised at trial, to be presented on a motion for new trial. *Commonwealth* v. *Harrington*, 379 Mass. 446, 449 (1980). The judge exercised that power and permitted the defendant to raise the

---

[5] Contrast *United States* v. *Patterson*, 644 F.2d 890, 898 (1st Cir. 1981), where the content of the improper communication to the jury was known. In *Patterson*, a court clerk entered the jury room during the second day of deliberations to inform the jurors that one juror was ill. At that time, a juror asked the clerk for the transcripts of the trial and the clerk responded that they would not be allowed. The court held that it was error for the clerk to rule on the request, but that it was not prejudicial because the court believed it to be improbable that a judge would have provided the jury with a transcript when only limited testimony had at that time been transcribed. *Ibid.*

issue, thus resurrecting the point for appellate review. *Ibid.* In any event, the claimed error is of such magnitude that allowing it to stand would create a substantial risk of a miscarriage of justice. *Commonwealth* v. *Freeman,* 352 Mass. 556, 563-564 (1967).

The judgment is reversed and the verdict is set aside.

*So ordered.*