# RESCRIPT OPINIONS.

WANDA KUCZYNSKI [1] vs. LOUIS F. ALFANO. March 22, 1988. *Practice, Civil*, Conduct of judge, Comment by judge. *Judge*.

The plaintiff commenced this action in Superior Court in February of 1983 alleging that the defendant's negligent obstetric care caused her son to be stillborn. She sought recovery as the administratrix of her son's estate for his wrongful death. She also sought recovery for her own physical injuries and mental suffering. Following a four-day trial in February of 1986, the jury returned a verdict in favor of the defendant on all claims. The plaintiff appealed to the Appeals Court and we transferred the case on our own motion. The plaintiff cites a number of grounds in requesting that the judgment below be reversed and a new trial be ordered. The plaintiff complains, inter alia, that the Superior Court judge's conduct at trial prevented her from presenting her case and denied her her right to a fair and unbiased trial.

The plaintiff's failure to make repeated objections to the judge's conduct is not fatal on appeal. A litigant is not forced to choose between minimizing the effect of improper judicial conduct at trial and preserving full and thorough review. The judge's repeated and combative interruptions of both parties' counsel, and his sharp comments and questions to the plaintiff's witnesses were not "consistent with the judge's role as an impartial magistrate." *Gauntlett* v. *Medical Parameters, Inc.*, 10 Mass. App. Ct. 88, 94 (1980), citing *Federal Nat'l Bank* v. *O'Keefe*, 267 Mass. 75, 83 (1929). Some of the judge's comments to the witnesses may have been justified to ensure that they gave responsive answers containing admissible evidence. The form and apparent manner in which they were asked, however, demonstrated an insensitivity on the judge's part toward the possible effect his demeanor would have on the jury and their deliberations. See *Commonwealth* v. *Sneed*, 376 Mass. 867, 869-870 (1978). "Trial judges should refrain as far as reasonably possible from making critical comments before the jury." *Commonwealth* v. *Fitzgerald*, 380 Mass. 840, 847 (1980). They should also use their "power to ask questions with restraint." *Id.*

The judgment is reversed and the verdict is set aside. The case is remanded to the Superior Court for a new trial on all claims.

*So ordered.*

*Michael Avery* for the plaintiff.
*Thomas C. Federico* for the defendant.

[1] Individually and as administratrix of the estate of David Kuczynski.