COMMONWEALTH *vs.* HIRAM DEJESUS.

No. 95-P-1888.

Hampden. October 16, 1997. - March 2, 1998.

Present: BROWN, LAURENCE, & SPINA, JJ.

*Jury and Jurors. Practice, Criminal,* Deliberation of jury, Jury and jurors, Instructions to jury. *Judge. Error, Harmless. Firearms. Evidence,* Relevancy and materiality, Cross-examination.

At a criminal trial, the defendant demonstrated no prejudice from the judge's failure to inform the defendant and both counsel that the jury had asked a question during deliberation that the judge had answered without the defendant and counsel present. [350-351]

In a criminal case, the defendant was entitled to a required finding of not guilty on the charge of illegal possession of a "firearm" in violation of G. L. c. 269, § 10(*a*), where the evidence established only that the weapon was a shotgun and the Commonwealth introduced no evidence of the length of the barrel, as required by G. L. c. 140, § 121, to prove that the weapon was a "firearm." [351-352]

At a criminal trial, evidence of the defendant's possession of a weapon that the Commonwealth did not prove was a "firearm" within the meaning of G. L. c. 269, § 10(*a*), was properly admitted to prove essential elements of armed robbery and assault and battery by means of a dangerous weapon. [352]

At the trial of indictments, the defendant demonstrated no prejudice or harm from the judge's refusal to admit irrelevant and substantially prejudicial evidence that the defendant attempted to elicit on cross-examination of a Commonwealth witness, and the judge's brief questioning of that witness to clarify a confusing description did not give rise to any prejudice to the defendant or demonstrate any bias. [352-354]

INDICTMENTS found and returned in the Superior Court Department on November 15, 1993.

The cases were tried before *Richard F. Connon,* J.

*Cindy Ellen Hill* for the defendant.

*James M. Wodarski,* Assistant District Attorney, for the Commonwealth.

BROWN, J. The defendant appeals from convictions of armed

robbery (G. L. c. 265, § 17), assault and battery with a danger-ous weapon (G. L. c. 265, § 15A[*b*]), and illegal possession of a firearm (G. L. c. 269, § 10[*a*]). Our focus in this opinion is the error by the judge in failing to notify the parties that the jury returned a question during deliberation.

1. After the judge's instructions, the jury retired for delibera-tion. When the jury returned with their verdict, the judge noti-fied counsel that, "for the record, there was a question asked. I took it upon myself. I gave an answer. They had a question here. I'll show it to you, self-explanatory. Once I show it to you you'll see why I didn't call you."[1] Immediately after this state-ment, and without pause for discussion from counsel, the judge allowed the jury to return their verdict; the defendant was found guilty on all three charges. Defense counsel objected; the judge, noting the objection, proceeded directly to sentencing.

Once a judge becomes aware of circumstances indicating an issue relating to jury deliberations, the judge must take immedi-ate affirmative steps to protect the rights of both the accused and the Commonwealth. *Commonwealth* v. *Marks*, 12 Mass. App. Ct. 511, 518-522 (1981). At a minimum, the judge should inform counsel for both sides, on the record, as well as the defendant, of the issue. *Commonwealth* v. *Donovan*, 15 Mass. App. Ct. 269, 272 (1983). In addition, with counsel participat-ing in the effort, the judge should endeavor to correct any problem, if possible. *Ibid.* See, e.g., *Commonwealth* v. *Floyd P.*, 415 Mass. 826, 833 (1993), in which the court termed the judge's ex parte action as "irregular" and noted that, "before a judge responds to a jury communication of legal significance . . . ., counsel should be given the opportunity to assist the judge in framing an appropriate response and to place on record any objection they might have to the course chosen by the judge." See also *Thames* v. *Commonwealth*, 365 Mass. 477, 478 n.2 (1974) ("The circumstances of this case indicate that, where possible, any messages or questions from the jury to the judge should be in writing; that they should be shown to counsel and immediately placed on record; and that any reply thereto by the judge to the jury should also be placed on record in the pres-ence of counsel, if available").

It was error for the judge to have handled the jury's question on his own. The absence of counsel or the defendant from such

---

[1]The question was: "Did the defendant plead not guilty to all three indict-ments?" The judge responded: "Yes."

a colloquy, however, does not necessarily constitute reversible error. Compare *Commonwealth* v. *Martino*, 412 Mass. 267, 286 (1992); *Commonwealth* v. *Hicks*, 22 Mass. App. Ct. 139, 147 (1986). Cf. *Curtis* v. *Duvall*, 124 F.3d 1, 4-7 (1st Cir. 1997) (harmless error analysis applied where supplementary instruction given to the jury in absence of counsel); *Commonwealth* v. *Curtis*, 417 Mass. 619, 633-636 (1994).

Here, although the judge should have informed the defendant and both counsel of the jury's question, we conclude the defendant was not prejudiced by the judge's failure to do so. See *United States* v. *Parent*, 954 F.2d 23, 25 (1st Cir. 1992) (trial judge's error in failing seasonably to inform counsel about a jury note does not require reversal if the error is "benign"). The defendant's argument that had he been informed of the question he would have requested that the court reinstruct on both the presumption of innocence and the burden of proof is opportunistic and off point. A judge, in responding to a question from the jury, need not go beyond the scope of the jury's question and instruct on other matters. See *Commonwealth* v. *Sires*, 370 Mass. 541, 547 (1976); *Commonwealth* v. *Amazeen*, 375 Mass. 73, 82 (1978). Because the judge had already instructed the jury on the burden of proof and the presumption of innocence at the beginning of the trial and at the close of the evidence, he properly could have refused to reinstruct the jury on those matters had the defendant so requested.

2. Two additional issues are raised on appeal. First, the defendant argues that the trial judge erred in denying his motion for a required finding of not guilty on the charge of illegal possession of a firearm. Second, the defendant claims prejudice by the judge's restraint of cross-examination of the complaining witness.

a. The only eyewitness to the shooting was the victim, Juan Almonte. Although Almonte described the shooting incident at several times during his testimony, he offered no description of the gun other than as a "shotgun." When asked on cross-examination, Almonte had no recollection of the length of the gun barrel. No other evidence was presented describing the weapon.[2] At the close of evidence, the defendant's motion for a required finding of not guilty on the charge of illegal possession of a firearm was denied.

[2]The parties have agreed upon the following fact: a shotgun was used during the commission of the crimes, but no weapon was ever recovered.

The Commonwealth has conceded error, acknowledging that it failed to present any evidence as to the length of the barrel of the shotgun. See G. L. c. 140, § 121, as amended through St. 1989, c. 433 (to prove shotgun is a "firearm" within the meaning of the statute, evidence must establish, as an element, that the barrel length of the shotgun is "less than eighteen . . . inches"). Thus, the judge's denial of the defendant's motion for a required finding of not guilty on the indictment charging illegal possession of a firearm was error.

The defendant's argument that the two remaining convictions should be reversed due to the prejudice accruing from the introduction of evidence of the shotgun is without merit. Although not sufficient to sustain the firearm charge, the evidence relative to the weapon was still relevant to prove the essential elements of the two additional charges, armed robbery and assault and battery by means of a dangerous weapon.

b. Finally, the defendant alleges the judge erred in limiting cross-examination of the complaining witness and by his questioning of the witness. The judge sustained several objections during the cross-examination of Almonte, foreclosing any inquiry about his job history and sources of income. Additionally, defense counsel was chastised, at side bar, for his line of questioning of the complaining witness; there came a point where the court briefly took over examination of Almonte.

The right to confrontation and cross-examination is an essential and fundamental requirement for a fair trial. "However, a criminal defendant's confrontation right is not absolute. Although the defendant is entitled to a reasonable cross-examination of witnesses against him, the scope of cross-examination rests largely in the sound discretion of the trial judge. Determining whether the defendant's constitutional rights were violated is done by weighing "the materiality of the witness's direct testimony and the degree of the restriction on cross-examination." *Commonwealth* v. *Kirouac*, 405 Mass. 557, 561 (1989). "We shall not overrule a trial judge's determination as to the proper scope of cross-examination unless the defendant demonstrates that the judge abused his discretion and that the defendant was prejudiced thereby." *Commonwealth* v. *Miles*, 420 Mass. 67, 71-72 (1995). The defendant has failed to demonstrate that the judge abused his discretion, or that he was otherwise prejudiced.

During the direct examination of Almonte, the Com-

monwealth established that he personally knew and had a relationship with the defendant prior to the night in question; the defendant was the man who robbed and assaulted him at gunpoint; and he was shot in the elbow by the defendant during the struggle that ensued, thereby sustaining serious injuries requiring medical attention.

On cross-examination, the defendant's goal was to establish that Almonte was not credible. At side bar, the defendant asked the judge if he could question Almonte about his parole status in the State of New York, claiming that it went to the witness's state of mind. The judge refused to allow that line of questioning.[3] No error has been made to appear.

Throughout the cross-examination, the defendant extensively explored the witness's work history, reason for coming to Springfield, relationship with the defendant, source of the money stolen in the robbery,[4] and recollection of the robbery. On balance, we think the restrictions on cross-examination were not unduly restrictive. The defendant had an opportunity to explore numerous issues on cross-examination; he was neither prejudiced nor harmed by the judge's refusal to admit irrelevant and substantially prejudicial evidence about the complaining witness.[5] The defendant has failed to show "a reasonable likelihood that, had the cross-examination been permitted to continue without interruption, testimony of more than minimal value to the defendant might have been forthcoming." *Commonwealth* v. *Fordham*, 417 Mass. 10, 19-20 (1994).

The judge asked Almonte seven[6] simple questions to clear up a very confusing description of the house where the robbery occurred. The defendant claims bias and prejudice resulted from this inquiry.

The record does not reflect any personal observations or comments regarding counsel's skill, repeated and combative interruptions, or any critical remarks made by the judge to defense counsel in the presence of the jury. Furthermore,

---

[3]The record does not reflect that the defendant was precluded from impeaching Almonte with a certificate of prior convictions.

[4]The defendant, without a good faith basis for the inquiry, questioned the witness about the purchase of a washing machine to insinuate that Almonte was lying about the source of money for the purchase.

[5]A side bar was held on both issues the defendant wanted to raise on cross-examination, and the explanations provided were deemed insufficient.

[6]One question was asked twice, so there were actually six questions.

sustaining valid objections during the defendant's cross-examination of the victim does not constitute bias or prejudice.

Each case the defendant cites is distinguishable: *Commonwealth* v. *Fitzgerald*, 380 Mass. 840, 847 (1980) (judge made several personal unflattering comments about counsel in the course of the trial; court, in affirming, warned against "extensive examination of witnesses by the judge"); *Commonwealth* v. *Sylvester*, 388 Mass. 749, 751 (1983) (judge's numerous remarks, directed mostly at defense counsel in the presence of the jury, were disparaging of defense counsel's skill, and some had personal overtones); *Kuczynski* v. *Alfano*, 402 Mass. 1001, 1001 (1988) ("judge's repeated and combative interruptions of both parties' counsel, and his sharp comments and questions to the plaintiff's witnesses were not 'consistent with a judge's role as an impartial magistrate' " [citations omitted]).

It follows that the defendant was not prejudiced by the judge's questioning of Almonte. Any possible harm was cured by the judge's instruction to the jury at the close of the evidence.[7]

Having failed to show material prejudice, the defendant's convictions of armed robbery and assault and battery with a dangerous weapon are affirmed. The conviction on indictment number 93-2260, charging the defendant with the illegal possession of a firearm, is reversed, the verdict is set aside, and judgment shall enter for the defendant on that indictment.

*So ordered.*

---

[7]"My function is different than yours. If you think for one moment that I seem to indicate to you as to how you should decide the issues in this case, then you must forget about it because that's not what I'm here to do."