COMMONWEALTH vs. SHAWN R. GLANDEN.

No. 99-P-247.

Bristol. March 10, 2000. - May 25, 2000.

Present: ARMSTRONG, C.J., PERRETTA, & BECK, JJ.

*Identification. Robbery. Assault and Battery by Means of a Dangerous Weapon. Practice, Criminal,* Instructions to jury, Presence of defendant.

A photographic identification of a criminal defendant was not shown to be unreliable because the photograph identified had been taken ten days prior to the alleged criminal activity. [251]

Evidence at the trial of an indictment for unarmed robbery was sufficient to warrant a rational fact finder to conclude that the defendant took the victim's minivan and contents from her control. [251-252]

The record of a criminal proceeding, settled pursuant to Mass.R.A.P. 8(e), did not support the defendant's claim that he was not present in court during the judge's reinstruction on the law of larceny of a motor vehicle in response to a question from the jury. [252-253]

INDICTMENTS found and returned in the Superior Court Department on January 24, 1996.

The cases were tried before *Richard F. Connon,* J.

*Edward P. Mulvaney* for the defendant.

*Sharon L. Sullivan-Puccini,* Assistant District Attorney, for the Commonwealth.

ARMSTRONG, C.J. The defendant was convicted of unarmed robbery, larceny of a motor vehicle, and assault and battery by means of a dangerous weapon, based on evidence from which the jury could have found the following. The victim, Patricia Callahan, parked her minivan in a parking lot three feet, roughly, from a pay telephone. She turned the engine off, got out, leaving her keys in the ignition, and placed a call. As she stood at the telephone, she saw a thin man in his early twenties, five feet eight or nine, with dark, curly, sweaty hair to his ears, and several days' stubble, enter the minivan and turn on the ignition. She dropped the phone, ran to the driver's door, and

reached through the half open window to unlock the now locked door. The man hit her hand away, raised the windows so as to trap her arm, and accelerated, driving over cement block parking place markers, dragging her along. At the far end of the lot he pushed her arm out the window and drove away. She suffered numerous injuries, fortunately superficial. From an array of eight photographs she selected the defendant's as that of the perpetrator, despite the fact that the hair was shorter than she recalled. (The photograph had been taken ten days prior to the assault on Callahan.)

1. *Required finding.* The defendant moved for a required finding of not guilty; he makes three arguments on appeal from its denial. The first concerns the identification: not on the usual ground that it was suggestive, but on the ground that it was shown to have been unreliable because the photograph of the defendant had been taken ten days earlier. He cites *Commonwealth* v. *Vaughn*, 23 Mass. App. Ct. 40, 41-43 (1986), wherein we reversed a robbery conviction because the defendant, identified by somewhat shaky identification testimony, was in jail at the time of a second robbery, shown by videotape and by modus operandi evidence to have been committed by the same perpetrator. The case involved an exception to the usual rule that we do not second-guess the jury's assessment of the strength of identification testimony, the exception applying to "cases which involve evidence indicative of innocence in the form of documents, photographs, or other physically-verifiable items, which an appellate court is in a position equal to that of the jury to consider." *Id.* at 43. This is not such a case. Only the victim, Patricia Callahan, was in a position to assess the similarity between the photograph and the perpetrator (she ascribed the difference to two weeks of hair growth), and the question was one of credibility for the jury.

The second required finding argument concerns the conviction of robbery, by definition requiring a larceny of property from a person or from his immediate control. G. L. c. 265, § 19(*b*). The facts of this case fit the definition. The fact that Callahan was three feet outside the minivan, making a phone call, did not preclude finding that the van and its contents, including her purse,[1] were under her control. A taking from a victim's person includes a taking from the victim's presence,

---

[1] We agree with the defendant that the obvious object of the robbery indictment was not the keys and purse specifically, but the van and its contents gen-

*Commonwealth* v. *Stewart*, 365 Mass. 99, 108 (1974); *Commonwealth* v. *Rajotte*, 23 Mass. App. Ct. 93, 95 (1986); *Commonwealth* v. *Lashway*, 36 Mass. App. Ct. 677, 679 (1994), and the element of force and violence, see *Commonwealth* v. *Jones*, 362 Mass. 83, 86 (1972), even if not intended at the start of the theft, was fulfilled when the theft, still unaccomplished, was pursued over the victim's personal resistance.[2]

2. *The defendant's presence during a supplemental instruction.* After deliberations had begun, the jury requested reinstruction on the law of larceny of a motor vehicle. The judge gave the supplemental instruction in open court. The defendant contends that he was not present during the reinstruction, and has submitted an affidavit to that effect. Nothing in the record indicates whether or not the defendant was present at the reinstruction. The trial prosecutor submitted an affidavit stating that she had no recollection of the defendant's being absent and that she would have remembered such a circumstance. Defense counsel did not object when the reinstruction was given, an indication that he noticed nothing amiss.

The parties jointly moved the trial court to settle the record pursuant to Mass.R.A.P. 8(e), as amended, 378 Mass. 934 (1979). The judge who had presided at the trial said that he could not specifically recall the circumstances but that he could "state without qualification that in every single instance where I

---

erally. (The robbery indictment generally tracked the unarmed robbery statute, listing the object as "goods and money.") It was not necessary to prove that both were stolen. Where a crime can be committed in any one of several ways, using the conjunction "and" in joining them, the defendant should be convicted if it is proved that he committed the crime in any of those ways. *Commonwealth* v. *Dowe*, 315 Mass. 217, 219-220 (1943). Accord *Commonwealth* v. *Murphy*, 415 Mass. 161, 164 (1993). It is immaterial that there was no evidence that the defendant saw the purse in the van or took money from it. As to the propriety of imposing multiple punishments based on the unarmed robbery and larceny of a motor vehicle convictions, see *Commonwealth* v. *Arriaga*, 44 Mass. App. Ct. 382, 386-389 (1998); *Commonwealth* v. *Johnson*, 45 Mass. App. Ct. 473, 479-480 (1998). See also *Commonwealth* v. *Souza*, 428 Mass. 478, 494 n.31 (1998).

[2]There is no merit whatever to the defendant's third argument, that the proof was insufficient to show assault and battery by means of a dangerous weapon. Even if the defendant's purpose was not to injure but to get away with the minivan, accelerating with the victim's arm caught in the window and her body bumping against the van was at least "the intentional commission of a wanton or reckless act . . . causing physical or bodily injury to another." *Commonwealth* v. *Ford*, 424 Mass. 709, 711 (1997), quoting from *Commonwealth* v. *Burno*, 396 Mass. 622, 625 (1986).

have had to instruct the jury in open court, that I have had the defendant in the court."[3] The judge's statement is tantamount to a determination that the defendant had been in court while the supplemental instruction was given. See *Commonwealth* v. *Rzepphiewski*, 431 Mass. 48, 54 (2000) (judge's reliance on his customary practice in taking guilty pleas a legitimate means of reconstructing record of a plea hearing).

We have considered the other arguments, and they are without merit.

*Judgments affirmed.*

---

[3]The judge recognized that in an earlier case, *Commonwealth* v. *DeJesus*, 44 Mass. App. Ct. 349, 350 (1998), he had answered a jury question out of the presence of the defendant and his counsel. He distinguished that situation from the circumstances in the case at bar by pointing out that in *DeJesus* the jury had asked whether the defendant had pleaded guilty on three indictments, a point of factual information rather than a request for reinstruction on a point of law.