## Commonwealth *vs.* Michael Righini.

No. 03-P-1356.

Middlesex. December 8, 2004. - July 18, 2005.

Present: Cypher, Dreben, & Katzmann, JJ.

*Practice, Criminal,* Discovery, Confrontation of witnesses. *Due Process of Law,* Disclosure of evidence. *Constitutional Law,* Confrontation of witnesses.

A District Court judge erred in dismissing a criminal complaint on the ground that the Commonwealth did not produce the dates of birth of its police witnesses, where neither G. L. c. 218, § 26A, nor Mass.R.Crim.P. 14 required otherwise, and where the defendant's constitutional arguments, arising from the due process and confrontation clauses of the United States Constitution and from art. 12 of the Massachusetts Declaration of Rights, were unavailing. [22-26]

Complaints received and sworn to in the Woburn Division of the District Court Department on June 18, 2002.

A motion to dismiss was heard by *Marie O. Jackson-Thompson*, J.

*Lillian L. Cheng*, Assistant District Attorney (*Jonathan M. Jagher*, Assistant District Attorney, with her) for the Commonwealth.

*J. Gregory Batten* for the defendant.

Katzmann, J. A judge of the District Court dismissed the Commonwealth's five-count criminal complaint for failure to produce the dates of birth of its police witnesses as requested by the defendant and ordered by the court. The Commonwealth challenges the propriety of the discovery order and appeals the dismissal. We determine that the discovery order was entered in error. We therefore reverse the order of the District Court dismissing the complaint.

*Background.* The defendant was arraigned in the Woburn

District Court on several drug and firearm related charges, including carrying a firearm without a license, in violation of G. L. c. 269, § 10(*a*); possession of cocaine, in violation of G. L. c. 94C, § 31; receipt of a firearm with a defaced serial or identification number, in violation of G. L. c. 269, § 11C; possession of ammunition, in violation of G. L. c. 269, § 10(*h*); and possession of a hypodermic needle, in violation of G. L. c. 94C, § 27(*a*). The defendant filed a discovery motion requesting a list of "all anticipated witnesses, including their names, addresses and birth dates, places of birth and parents' names." The motion stated that the request was "pursuant to G. L. c. 218, § 26A," and that the discovery requested was "mandatory in the district courts." The judge allowed the motion. The Commonwealth provided the ordered discovery for its civilian witnesses. For its police witnesses, it provided the witnesses' department or agency, but did not disclose birth dates, places of birth, or parents' names.

At a hearing in support of his motion to dismiss for noncompliance with the discovery order, the defendant argued that he was entitled to the police witness information under § 26A so that he could "check for . . . information in his background" that might be useful for impeachment purposes. More specifically, he requested the date of birth information so that a record check could be conducted for purposes of impeachment. The prosecutor stated that while the information regarding civilian witnesses had been disclosed, the defendant was not entitled to personal information regarding police witnesses because of concerns regarding police safety. The judge ruled that the Commonwealth was required to produce the dates of birth so that a record check could be conducted. The judge declined to order the disclosure of police witnesses' parents' names, noting that such information was not needed in order to do a record search.

The Commonwealth subsequently filed a motion to reconsider this ruling, which was addressed at a hearing on the next discovery compliance date. The Commonwealth did "not dispute that defense counsel is entitled to access to any prior convictions of *any* potential witnesses, civilian or police" (emphasis in original). However, the Commonwealth reiterated

its objection to turning over personal information of police witnesses, stating that if such information were disclosed,

> "*the safety of such individuals and their families could be jeopardized* . . . . [W]ith the advent of the [I]nternet, a name and date of birth in conjunction with a social security number (provided on the board of probation record) could potentially reveal the home addresses of the sought after individual. Should this information be passed on from the defense attorney to the defendant, any police officer involved in the arrest of that particular defendant could be placed in danger, as the defendant will know the home address of the officer."[1] (Emphasis added.)

The judge denied the motion and ordered the Commonwealth to produce the information by 4:30 P.M. that day. In response, the Commonwealth filed, and faxed to defense counsel, board of probation records (or CORI records) of every one of its potential police witnesses with the dates of birth and other personal identifying information redacted. That production revealed adult court appearances for one of the potential police witnesses.

The defendant filed another motion to dismiss and requested an immediate hearing, arguing that the defendant was entitled to the officers' dates of birth notwithstanding the prosecutor's disclosure of the board of probation records themselves. For the first time, the defendant argued that he needed the dates of birth not only to conduct background record checks on the witnesses, but also in order to obtain home addresses so that he could conduct proper out-of-court investigations. He argued that he had a Federal and State constitutional right to the dates of birth, as well as a statutory right under § 26A. The judge agreed with

---

[1] A pretrial hearing on the defendant's motion for disclosure of a confidential informant's identity and investigative reports, which were disclosed to the defendant, also provided context regarding the dangerous nature of the charged criminal activity, and raised future safety concerns. The Commonwealth represented that it anticipated that the evidence at trial would establish, inter alia, that the defendant had told a confidential informant that he had violated the terms of his bail for an armed robbery, and that he was not going back to jail. He showed the confidential informant a .22 caliber revolver and a small bag of bullets, and told him that he and his associate were planning to commit an armed home invasion. During a search after the defendant's arrest, the police retrieved the revolver with an obliterated serial number, a bag of ammunition, and cocaine.

defense counsel. In an attempt to balance the opposing interests, the judge offered to issue a protective order prohibiting defense counsel from revealing the information to the defendant. The Commonwealth rejected that proposal. Based on the Commonwealth's refusal to provide the dates of birth, and stating that the "defendant cannot complete investigation nor receive information in format for cross-examination," the judge then allowed the motion to dismiss the complaint with prejudice.

*Discussion.* This case requires us to determine whether the District Court judge erred in dismissing a complaint because the Commonwealth did not produce the dates of birth of its police witnesses. We begin our analysis at the source of the dispute, namely, the text of G. L. c. 218, § 26A, as amended by St. 1992, c. 379, § 139. Section 26A states in relevant part, that:

> "[U]pon the motion of a defendant consistent with criminal procedure, or upon the court's own motion, the judge shall issue an order of discovery requiring any information to which the defendant is entitled and also requiring that the defendant be permitted to discover, inspect, and copy any material and relevant evidence . . . within the possession, custody or control of the prosecutor. . . . *Upon motion of the defendant the judge shall order the production by the commonwealth of the names and addresses of the prospective witnesses and the production by the probation department of the record of prior convictions of any such witness*" (emphasis added).

"When the language of a statute is plain and unambiguous, it must be given its ordinary meaning." *Commonwealth* v. *Brown,* 431 Mass. 772, 775 (2000). Consistent with that language, the prosecutor turned over a list of its police witnesses and their department or agency addresses. Contrary to the defendant's contentions before the motion judge, however, G. L. c. 218, § 26A, does not direct that birth dates of witnesses be provided.

Nor does the phrase "upon motion of the defendant consistent with criminal procedure," as contained in the first portion of § 26A, quoted above, and embodied in Rule 14 of the Massachusetts Rules of Criminal Procedure, 378 Mass. 874 (1979), require the production of dates of birth of law enforcement witnesses. Tracking the language of § 26A, rule 14(a)(2), as ap-

plicable prior to September 7, 2004, provided that, upon motion by the defendant:

> "[T]he judge may issue an order of discovery requiring that the defendant be permitted to discover, inspect and copy any material and relevant evidence . . . within the possession, custody, or control of the prosecutor. . . . The judge may also order the production by the Commonwealth of the names and addresses of its prospective witnesses and the production by the probation department of the record of prior convictions of any such witness."

The conclusion that rule 14, as applicable prior to September 7, 2004, did not require the production of dates of birth of law enforcement witnesses is buttressed by its successor version, effective after September 7, 2004.[2] The language, as amended, distinguishes explicitly between the obligations with respect to civilian witnesses and law enforcement witnesses. Mass.R.Crim.P. 14(a), as appearing in 442 Mass. 1518 (2004). It sets forth a pretrial discovery procedure, which provides, in part:

"(1) Automatic Discovery

> "(A) Mandatory Discovery for the Defendant. The prosecution shall disclose to the defense. . .
>
> ". . .
>
> "(iv) The names, addresses, and dates of birth of the Commonwealth's prospective witnesses *other than law enforcement witnesses*. The Commonwealth shall provide this information to the Probation Department.
>
> "(v) The names and business addresses of prospective law enforcement witnesses.

". . .

"(2) Motions for Discovery. The defendant may move . . . for discovery of other material and relevant evidence not required by subdivision (a)(1) . . . ." (Emphasis added.)

---

[2]Because the criminal complaint against the defendant was issued in 2002, his claims are not governed by the 2004 Amendments to the Massachusetts Rules of Criminal Procedure, which took effect on September 7, 2004, and apply only to those cases initiated by indictment or complaint on or after the effective date. Smith, Massachusetts Criminal Practice and Procedure § 577, at 531 (2005 supplement).

The plain language of both § 26A and rule 14 do not entitle the defendant to discovery of the birth dates of the law enforcement witnesses; therefore, the question turns on whether such information constitutes "material and relevant evidence" as set forth in the statute and the rule.[3] The defendant's primary argument for seeking this information was to be able to conduct a background check, which was satisfied by the disclosure of board of probation records. Hence, the disclosure of those records defeats any claim that the nonproduction of the dates of birth denied him "material and relevant evidence."[4]

That the statute and rule do not require the disclosure of dates of birth of police witnesses reflects a judgment that care must be taken to protect the safety of police officers whose work can be a "dangerous business." *United States* v. *Alston,* 460 F.2d 48, 53 (5th Cir.), cert. denied, 409 U.S. 871 (1972). In the age of the Internet, for example, such information could be used to identify home addresses, to the discomfiture of the officer and his family. Indeed, in analyzing another statute, G. L. c. 66A, § 2, which protects personal data, we have noted that "the advent of modern data processing technology permits 'the aggregation of pieces of personal information into large central data banks,' " *John Doe* v. *Registrar of Motor Vehicles,* 26 Mass. App. Ct. 415, 421-422 (1988), quoting from the Special Legislative Commission on Privacy, First Interim Report, 1975 House Doc. No. 5417. See G. L. c. 66, § 10(*d*), as amended through St. 2004, c. 149, § 124 (the public records law) ("[t]he home address and home telephone number of law enforcement, judicial, prosecutorial . . . and any other public safety and criminal justice system personnel . . . shall not be public records" and are not subject to general disclosure).

While any statutes or rules limiting pretrial discovery must

[3]We note that the reporter's notes to the revised rule 14 state that "[f]urther discovery concerning the [law enforcement] witness, including home address and birthdate, may be pursued by motion under subdivision (a)(2)." Reporters' Notes to Rule 14, Mass. Rules of Court — State, Rules of Criminal Procedure, at 191 (West 2005).

[4]As set forth above, at the final pretrial hearing, after the records were disclosed, the defendant urged that the date of birth information was needed so that he could obtain home addresses for the police witnesses. As we note below, see note 5, *infra,* he does not appear to advance this theory on appeal.

yield to constitutional protections, the defendant makes no persuasive claim. His constitutional arguments, arising from the due process and confrontation clauses, are unavailing. The prosecution has a duty to turn over exculpatory evidence, including evidence which reflects unfavorably on the credibility of its witnesses. See, e.g., *Brady* v. *Maryland,* 373 U.S. 83, 87 (1963); *Commonwealth* v. *Daye,* 411 Mass. 719, 728-729 (1992). The defendant, however, has made no meritorious claim that a police officer's date of birth constitutes exculpatory evidence. Given that the defendant sought the dates of birth so that he could secure the background records, and given that the Commonwealth produced those records, there is nothing left to his due process contention.

With respect to the defendant's confrontation clause claim, we note that the Sixth Amendment to the United States Constitution and art. 12 of the Massachusetts Declaration of Rights establish a defendant's right to confront the witnesses against him. See *Commonwealth* v. *DeJesus,* 44 Mass. App. Ct. 349, 352 (1998). The cases the defendant here cites, however, are inapposite or premature, as they concern the right to cross-examination at trial, not pretrial discovery, and do not involve the disclosure of dates of birth of police witnesses. See, e.g., *Alfred* v. *United States,* 282 U.S. 687, 691-693 (1931) (prohibition of cross-examination concerning witness's address improper); *Smith* v. *Illinois,* 390 U.S. 129, 131 (1968) (same). Indeed, in any event, in *Commonwealth* v. *McGrath,* 364 Mass. 243, 251 (1973), the Supreme Judicial Court, interpreting *Alfred* and *Smith,* instructed that the constitutional right of confrontation is not abridged by the nondisclosure of a witness's present address, where that nondisclosure is based on "consideration of the safety of the witness," and where that information was not needed to " 'identify the witness with his environment,' " for purposes of impeachment or cross-examination. Cf. *United States* v. *Alston,* 460 F.2d at 53; *McGrath* v. *Vinzant,* 528 F.2d 681, 685 (1st Cir. 1976). This is not a case where the police witnesses are "incognito" or "mere shadow[s]," or where the date of birth information is needed for purposes of impeachment or cross-examination. See *McGrath* v. *Vinzant, supra* at 685. At this stage in the criminal process, the defendant has

made only conclusory assertions and has not shown that the dates of birth are needed to protect his rights of confrontation.[5]

*Order dismissing complaint
reversed.*

---

[5]As noted, throughout the litigation the defendant urged that he needed the dates of birth of the police witnesses because that information was necessary to obtain background records. At the very end, when his objective had been satisfied by the production of those records, his argument shifted and he claimed that he needed the dates of birth in order to obtain home addresses. He does not appear to press that theory on appeal. In any event, for many of the same reasons that have guided our analysis regarding birth date disclosure, we conclude that neither statute nor rule requires the disclosure of home addresses. Moreover, the reasoning of *Commonwealth* v. *McGrath*, 364 Mass. at 251, and *United States* v. *Alston, supra*, establishes that, particularly in a prosecution such as the instant one, involving weapons charges and inherent danger, considerations of police witness safety, in the context of the disclosure of sufficient other background information needed to place the witness in a proper setting, police safety considerations would justify the nondisclosure of home addresses. As the *Alston* court observed, *ibid.*, focusing on the distinctive characteristics of a police witness: "[F]or purposes of the Sixth Amendment, a witness may be constitutionally 'placed' through disclosure of his or her occupational background and existing occupational circumstances without concomitant disclosure of a home address, if there is sufficient reason advanced by the witness for non-disclosure and unless the defendant raises sufficient likelihood that disclosure of the home address would provide a significant avenue for additional cross-examination." The instant case arises during the early stage of pretrial discovery; the defendant would not be foreclosed from renewing his request for home addresses should circumstances change.