After a jury-waived trial, a judge convicted the defendant, Evens Fleurancin, of operating a motor vehicle while under the influence of marijuana (OUI-marijuana).[2] G. L. c. 90, § 24 (1) (a ) (1). On appeal, the defendant contends both that the Commonwealth's evidence failed to satisfy the element of impairment and that the judge committed prejudicial error in admitting opinion testimony from two police officers regarding the defendant's intoxication from marijuana ingestion. Concluding that the evidence of intoxication was sufficient to sustain a conviction but not strong enough to overcome the prejudice stemming from the inadmissible opinion testimony, we reverse the judgment and set aside the finding.
Discussion. 1. Sufficiency of impairment evidence. In reviewing questions regarding the sufficiency of the evidence, we must discern "whether, 'after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " Commonwealth v. Penn, 472 Mass. 610, 618 (2015), quoting Commonwealth v. St. Hilaire, 470 Mass. 338, 343 (2015). This analysis includes evidence we later deem inadmissible. See Commonwealth v. DiBenedetto, 414 Mass. 37, 45-46 (1992), and cases cited. The elements of OUI-marijuana are: "(1) operation of a vehicle, (2) on a public way, (3) under the influence of" marijuana. Commonwealth v. O'Connor, 420 Mass. 630, 631 (1995). "[T]he phrase 'under the influence' refers to impairment, to any degree, of an individual's ability to safely" operate a vehicle. Commonwealth v. Veronneau, 90 Mass. App. Ct. 477, 479 (2016).
Here, the Commonwealth elicited testimony that the defendant drove past two police officers without stopping, as the officers, who were conducting traffic control in a construction site, gestured and yelled for the defendant to stop. The defendant ultimately stopped for a traffic light, and the police approached the defendant's car. In speaking to the defendant, one officer smelled the odor of burnt marijuana emanating from the defendant's vehicle, and the defendant admitted to smoking marijuana one hour earlier.
The defendant was then asked to get out of the car, and police observed the defendant forget to unbuckle his seatbelt and struggle to open the car door. Once outside the car, police observed that the defendant moved lethargically and had difficulty answering basic questions regarding his date of birth or where he was coming from. Furthermore, the police administered four field sobriety tests (FSTs), and testified to the defendant's poor performance on these.[3]
The defendant's failure to stop, the officers' observations of the defendant's demeanor, the defendant's responses to questions posed by the officers, and the defendant's performance on the roadside assessments was sufficient evidence of impairment to sustain the conviction. See Commonwealth v. Connolly, 394 Mass. 169, 173 (1985) (erratic driving unnecessary to prove impairment).
2. Opinion testimony. The defendant challenges the admission of six statements.[4] Over counsel's objection to all but one statement, the police witnesses were permitted to testify that (1) "I considered him a danger to the public. I needed to stop this vehicle and get him out of it"; (2) "he appeared high to me"; (3) "he was obviously under the influence of some substance of an alcohol [sic ] and we believed he was using some type of drug, marijuana maybe mixed with other things"; (4) "we didn't feel that he was capable of driving the vehicle"; and (5) in response to a follow-up question by the prosecutor, the defendant was under the influence of "marijuana, narcotics."
As is true for any lay witness, police may opine on a defendant's level of intoxication from alcohol consumption. See Commonwealth v. Canty, 466 Mass. 535, 544 (2013). However, that exception does not extend to marijuana consumption. See Commonwealth v. Gerhardt, 477 Mass. 775, 786 (2017). When it comes to marijuana, police "may [indisputably] testify concerning a defendant's observable appearance, behavior, and demeanor, but [they] may not[,] [as the police did here,] offer an opinion as to the defendant's sobriety or intoxication." Id.[5] Furthermore, whether it be drugs, alcohol, or marijuana, it is never permissible for police, or any other lay witness, to opine that the defendant's intoxication "diminished his ability to operate a motor vehicle safely." Canty, 466 Mass. at 544. That determination remains within the sole province of the fact finder. See ibr.US_Case_Law.Schema.Case_Body:v1">id. at 543-545. Accordingly, because the officers' testimony exceeded the bounds of permissible lay opinion testimony, we conclude that it was error for the judge to allow it, and turn next to its prejudicial effect.[6] See Commonwealth v. Cruz, 445 Mass. 589, 591 (2005).
While we often assume, absent evidence to the contrary, that a judge properly instructs himself as to "the manner in which evidence is to be considered in his role as a factfinder," Commonwealth v. Saulnier, 84 Mass. App. Ct. 603, 607 (2013), we cannot do so here. At the time of trial, Gerhardt was pending but had not been decided; therefore, our jurisprudence may have signaled that a lay witness could not render an opinion as to marijuana intoxication as there had been no definitive ruling on that issue.[7] In such circumstances, we are hard pressed to say the judge clairvoyantly instructed himself to ignore it.
In any event, here, the challenged testimony was repeated several times and referenced by the Commonwealth in its closing. Furthermore, the evidence in this case, while sufficient, was far from overwhelming. Much of the defendant's incriminating behavior had reasonable explanations. For example, the defendant explained that he failed to see police waving to him because he was focused on the stop light.
The defendant also posited plausible explanations for his demeanor and poor performance on the roadside assessments. The defendant argued that he appeared confused and experienced difficulty getting out of the car because he was perplexed as to why police were stopping him. The defendant further explained that he is Haitian, speaks four languages, and is least proficient in English. He attributed, therefore, his failure to answer some of the questions put to him and his missteps on the roadside assessments to this language barrier. To this end, the defendant emphasized, for example, that on the nine-step walk and turn assessment, the defendant walked without swaying, stumbling, or falling off the curve, but failed only to touch heel to toe. In the counting assessment, the defendant counted backwards by tens rather than ones and mixed up only one number, and in the finger to nose assessment, the defendant made contact with his nose but touched the middle to upper part of his nose rather than the bottom tip. There also was no evidence that the defendant drove erratically, and the evidence suggested that he negotiated his way through the construction site without incident.
Given these plausible explanations and the absence of stronger indicia of impairment, we cannot say that the impermissible opinion testimony of two veteran police officers "had but a very slight effect" on the judge. Cruz, 445 Mass. at 591, quoting Commonwealth v. Flebotte, 417 Mass. 348, 353 (1994). Accordingly, the judgment is reversed and the finding is set aside.
So ordered.
Reversed.

The judge also convicted the defendant of failing to stop for a police officer. The defendant raises no challenges to this conviction.

The officers referred to these as FSTs; however, given the lack of scientific evidence that these FSTs accurately gauge marijuana intoxication, "a witness testifying to the performance of FSTs in the context of marijuana intoxication should refer to a driver's performance on 'roadside assessments,' so as not to suggest that they function as scientific validation of a defendant's sobriety or intoxication." Commonwealth v. Gerhardt, 477 Mass. 775, 785 (2017).

The judge struck one of the statements from the record. Therefore, we presume that the judge did not rely on it, see Commonwealth v. Saulnier, 84 Mass. App. Ct. 603, 607 (2013), and do not address it here.

The defendant, whose trial concluded before Gerhardt was decided, nevertheless enjoys the benefits of its common-law rule because the opinion was released before he filed his notice of appeal on his direct appeal. See Commonwealth v. Moore, 474 Mass. 541, 550 (2016) ("new rules" in criminal law "generally apply to cases that are pending, are on direct appeal, or for which the appeal period has not run").

The defendant objected to all but one of the challenged statements at trial. However, because he lodged repeated objections to the precise line of questioning on the exact basis, we treat the issue as preserved notwithstanding the one missed objection. Cf. Commonwealth v. Paradise, 405 Mass. 141, 157 (1989), quoting Kuczynski v. Alfano, 402 Mass. 1001 (1988) ("failure to make repeated objections to the judge's conduct is not fatal on appeal").

Arguably, admission of this opinion testimony was improper at the time of the defendant's trial without the guidance of Gerhardt because, while Canty, 466 Mass. at 544, and other cases allowed lay witnesses to testify to alcohol intoxication, there was no precedent in Massachusetts that we are aware of which had extended that exception to marijuana or to any other drug.