COMMONWEALTH *vs.* MICHAEL J. O'CONNOR.

Middlesex. March 9, 1995. - June 19, 1995.

Present: LIACOS, C.J., WILKINS, ABRAMS, & GREANEY, JJ.

*Motor Vehicle*, Operating under the influence.

Evidence at the trial of a complaint for operating a motor vehicle while under the influence of alcohol was sufficient for the judge to infer the defendant's operation or to conclude that the defendant's admission of operation was corroborated. [630-632]

COMPLAINT received and sworn to in the Cambridge Division of the District Court Department on May 14, 1993.

On transfer to the jury session, the case was heard by *Mark S. Coven*, J.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Mark G. Miliotis* for the defendant.

*James W. Sahakian*, Assistant District Attorney, for the Commonwealth.

ABRAMS, J. Convicted of driving while under the influence of intoxicating liquor, under G. L. c. 90, § 24 (1992 ed.),[1] after a jury-waived trial, the defendant appealed. The sole issue is whether the evidence presented by the Commonwealth was sufficient to submit the case to the finder of fact. The Appeals Court affirmed the conviction in an unpublished decision. See *Commonwealth* v. *O'Connor*, 37 Mass. App.

---

[1]General Laws c. 90, § 24 (1) (*a*) (1) (1992 ed.), provided, in relevant part: "Whoever, upon any way or in any place to which the public has a right of access . . . operates a motor vehicle while under the influence of intoxicating liquor . . . shall be punished by a fine of not less than one hundred nor more than one thousand dollars, or by imprisonment for not more than two years, or both." Section 24 (1) (*a*) (1) has since been amended by St. 1994, c. 25, §§ 3-6, effective May, 1994.

Ct. 1110 (1994). We allowed the defendant's application for further appellate review. We also affirm.

"In reviewing the denial of motions for directed verdicts in criminal cases, we have frequently said that 'we must consider and determine whether the evidence, in its light most favorable to the Commonwealth, notwithstanding the contrary evidence presented by the defendant, is sufficient . . . to permit the jury to infer the existence of the essential elements of the crime charged . . . .' " *Commonwealth* v. *Latimore*, 378 Mass. 671, 676-677 (1979), quoting *Commonwealth* v. *Sandler*, 368 Mass. 729, 740 (1975). There are three elements to the crime of operating while under the influence under G. L. c. 90, § 24: (1) operation of a vehicle, (2) on a public way, (3) while under the influence of alcohol. See note 1, *supra.* The defendant maintains that the Commonwealth's evidence on the first element, operation, was insufficient to support a guilty verdict.

Around midnight on May 14, 1993, there was a two-car collision on Memorial Drive in Cambridge. When State Trooper Robert Ahern arrived at the scene, he observed approximately six people attending to an injured person near two significantly damaged cars. When Ahern asked the group who had been driving either of the two cars, the defendant identified himself as one of the operators. Ahern asked for the defendant's license and registration. In answer to a question put by the police officer as to what happened in the accident, the defendant said that the other operator had "run a red light." Noting that the defendant's eyes were glassy and red, Ahern asked the defendant if he had been drinking; the defendant responded affirmatively. Ahern administered several field sobriety tests, which the defendant did not perform well. Ahern then arrested the defendant for operating under the influence. At the police station, a breathalyzer test indicated the defendant had a blood alcohol content of .15.[2]

---

[2]General Laws c. 90, § 24 (1) (*e*) (1992 ed.), provides, in relevant part, if evidence of a blood alcohol test "is that such percentage was five one-

Relying on our decision in *Commonwealth* v. *Leonard*, 401 Mass. 470 (1988) (where only evidence that defendant was operator of a vehicle was his admission at the scene to police that he was the driver, court reversed conviction on ground that evidence was insufficient to warrant submission of case to jury), the defendant argues that the above-stated facts are insufficient to establish that the defendant was the operator of one of the vehicles involved in the accident on Memorial Drive.

The Appeals Court concluded in its unpublished decision that there was sufficient evidence to "compel the inference that the defendant did operate the motor vehicle, thus providing corroboration of the defendant's statement that he was operating the motor vehicle." We agree. The officer confirmed the defendant's version of the accident with other witnesses. The finder of fact could infer operation from the facts and circumstances surrounding the accident and from the defendant's cooperation with the field sobriety tests. Thus, there was no error in the judge's conclusion that he could infer operation based on the facts or that the defendant's admission was corroborated.[3]

*Judgment affirmed.*

---

hundredths or less, there shall be a presumption that such defendant was not under the influence of intoxicating liquor . . . ; if such evidence is that such percentage was more than five one-hundredths but less than ten one-hundredths, there shall be a presumption that such defendant was under the influence of intoxicating liquor." The statute has since been amended by St. 1994, c. 60, §§ 102-109, effective May, 1994.

[3]During the hearing, the judge said something about corroboration "not only [by] the details of the accident." The judge's full statement was inaudible. Thereafter, the judge said, "The accident . . . sufficiently corroborate the statement he was operating the motor vehicle." The judge's statement thereafter was inaudible.

The record is in deplorable condition. Critical portions of the transcript were transcribed as inaudible. It is counsels' obligation to provide an adequate record. At the very least, the parties should have asked the judge to try to reconstruct what was said.