## COMMONWEALTH vs. THOMAS DELACRUZ.

Worcester. February 8, 2005. - March 16, 2005.

Present: MARSHALL, C.J., GREANEY, IRELAND, SPINA, COWIN, SOSMAN, & CORDY, JJ.

*Armed Assault with Intent to Rob. Practice, Criminal,* Conduct of prosecutor, Argument by prosecutor.

At a criminal trial, the prosecutor did not impermissibly argue in his closing facts not in evidence. [693-694]

This court concluded that at a criminal trial, a prosecutor during closing argument may read verbatim from a transcript of a witness's testimony so long as the prosecutor furnishes opposing counsel with a copy of the transcript beforehand, and the judge need not be involved unless there is an objection. [694-696]

INDICTMENTS found and returned in the Superior Court Department on April 14, 2000.

The cases were tried before *James P. Donohue,* J., and a motion for a new trial, filed on April 18, 2003, was considered by him.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*James L. Rogal* for the defendant.

*David W. Waterfall,* Assistant District Attorney, for the Commonwealth.

GREANEY, J. A jury found the defendant guilty on two indictments charging armed assault with intent to rob based on evidence of his involvement, together with two accomplices, in the planning and execution of a robbery, on January 22, 2000. The defendant appealed from his convictions, contending, insofar as relevant here, that the prosecutor engaged in misconduct in his closing argument by improperly emphasizing and bolstering the credibility of one of the Commonwealth's witnesses (James Forte, one of the accomplices) by reading verbatim portions of Forte's testimony as transcribed at trial,

and by arguing facts that were not in evidence. The defendant also appealed from an order denying his motion for new trial.[1] The Appeals Court affirmed the defendant's convictions, but vacated the order denying the defendant's motion for a new trial, remanding the case to the Superior Court for an evidentiary hearing on the motion. *Commonwealth* v. *Delacruz*, 61 Mass. App. Ct. 445, 453 (2004). Concerning the issue of prosecutorial misconduct in reading from a transcript of Forte's trial testimony, the Appeals Court concluded that no substantial risk of a miscarriage of justice had occurred, but went on to establish the following protocol for future cases:

> "[T]he better practice would be for counsel, prior to the beginning of closing arguments, to make a proffer to the judge of what parts of the transcript he or she intends to read and for what purpose. This protocol would allow opposing counsel to be heard on the request, and permit the judge to place appropriate limitations on out-of-context readings of what purports to be an official version of what was said. The judge can then evaluate counsel's proffer and determine the likelihood of prejudice."

*Commonwealth* v. *Delacruz, supra* at 448-449. We granted the Commonwealth's application for further appellate review solely to address the defendant's claim of misconduct in the prosecutor's closing argument. We conclude that the protocol established by the Appeals Court is not necessary, find no error in the prosecutor's closing remarks, and affirm the defendant's convictions.

1. The pertinent background is set forth at *Commonwealth* v. *Delacruz, supra* at 446-447, and need not be repeated here.

2. We reject the defendant's contention that the prosecutor impermissibly argued facts not in evidence. See *Commonwealth* v. *Rodriguez*, 437 Mass. 554, 565 (2002). The defendant argues that there was no evidence concerning how, and when, the district attorney's office entered into a plea agreement with Forte, and that, consequently, the prosecutor improperly asserted that Forte's statement was voluntary and made without

---

[1] The issues raised in the defendant's motion for a new trial do not involve any claim of prosecutorial error during closing argument.

knowledge of a promise for a reduced sentence. In his closing argument, the prosecutor stated that Forte had made his statement to police (which had implicated Forte and the defendant in the robbery) on January 23, 2000, which was "long before" Forte had any contact with the district attorney's office; was "long before" Forte had been informed of the recommendation the district attorney would make in his case; and was "before" there had been any discussion about a deal.

The defendant overlooks testimony that undercuts his argument. When asked whether he had any contact with the prosecutor or the district attorney's office in relation to this case *before* giving his January 23, 2000, statement to police (the day after the robbery), Forte responded, "No. Not at all." There was testimony from Forte and a detective that there had been no inducements, promises, or deals made with Forte before he gave his statement, only that his cooperation would be made known to the district attorney. That Forte hoped for a favorable recommendation from the district attorney's office in exchange for his cooperation does not translate into an actual deal or promise made at the time he gave his statement. Further, through cross-examination of Forte, the defendant's trial counsel was able to suggest to the jury that Forte had a selfish motive for cooperating with police and giving a statement. There was no misconduct by the prosecutor.

3. During closing argument, the prosecutor read verbatim portions of Forte's testimony from a transcript that the prosecutor had ordered from the court reporter. The prosecutor provided a copy of the transcript to the defendant's trial counsel before closing arguments. Defense counsel made no objection. The judge was not involved in the matter. The defendant now contends that by reading verbatim from the transcript of Forte's testimony in his closing remarks, the prosecutor unfairly emphasized and bolstered Forte's credibility. We conclude that the prosecutor acted properly and that the protocol established by the Appeals Court is unnecessary.

As observed by the Appeals Court, the issue whether a prosecutor (or defense attorney) may quote from a transcript of a witness's trial testimony in closing argument is one we have not confronted previously. The Appeals Court pointed out the

three general approaches taken by other jurisdictions on the issue: (1) the adoption of a per se proscription against reading from transcripts in closing arguments, see, e.g., *People* v. *Ammons*, 251 Ill. App. 3d 345, 347 (1993); but see *People* v. *Saxon*, 226 Ill. App. 3d 610, 620 (1992); (2) leaving the matter to the judge's discretion, but with some type of proffer or protocol required first of counsel, see, e.g., *Sherrod* v. *United States*, 478 A.2d 644, 664 (D.C. 1984); *Bing Fa Yuen* v. *State*, 43 Md. App. 109, 118-119 (1979), cert. denied sub nom. *Shui Ping Wu* v. *Maryland*, 444 U.S. 1076 (1980); and (3) leaving the matter solely to counsel's choice without the requirement of a proffer or protocol and without the need for the judge's involvement absent an objection, see, e.g., *Brown* v. *State*, 268 Ga. 354, 360 (1997). We adopt the latter approach, discerning, at this time, no need to impose a particular proffer or protocol on counsel.

Established rules govern the permissible boundaries of a prosecutor's closing argument. "[A] prosecutor should not refer to the defendant's failure to testify, misstate the evidence or refer to facts not in evidence, interject personal belief in the defendant's guilt, play on racial, ethnic, or religious prejudice or on the jury's sympathy or emotions, or comment on the consequences of a verdict" (footnotes omitted). *Commonwealth* v. *Kozec*, 399 Mass. 514, 516-517 (1987). See *Commonwealth* v. *Coren*, 437 Mass 723, 730 (2002) (prosecutors must "limit the scope of their arguments to facts in evidence and inferences that may be reasonably drawn from the evidence"). A prosecutor will often paraphrase or summarize from notes or memory a witness's trial testimony in his or her closing argument. Defense counsel frequently does the same. Reading verbatim from a transcript of a witness's testimony reduces, if not eliminates, any risk of misstating evidence because of an imperfect memory or imprecise notetaking, or other motive.[2] We see no reason to prohibit what the prosecutor did here so long as the prosecutor furnishes opposing counsel with a copy of the transcript from which he or she expects to read. In short, transcribed testimony does not have to be treated differently from other types of

---

[2]The defendant does not contend that the prosecutor misquoted the transcript or read testimony that had been struck or offered for nonsubstantive purposes. *Commonwealth* v. *Delacruz*, 61 Mass. App. Ct. 445, 447-448 (2004).

evidence admitted at trial that are the proper subject of comment during closing arguments. See *Commonwealth* v. *Morales,* 440 Mass. 536, 547 n.6 (2003) ("If evidence is admissible, it is admissible during the trial and may be read from or referred to in any appropriate manner. There is no reason to limit it to use in closing argument"). The judge needs to be involved only if there is an objection, the resolution of which will be within the judge's discretion.

*Judgments affirmed.*