After a jury trial, the defendant, Donna Rassulo, was convicted of operating a motor vehicle while under the influence of alcohol (OUI), and negligent operation of a motor vehicle.[2] In a separate proceeding after the jury trial, the judge found that the defendant had been convicted of OUI twice before; that is, the judge found her guilty of committing a third offense OUI. The defendant appeals only the OUI conviction, arguing that there was insufficient evidence to support it, and that the jury ignored the "extremely credible" evidence of two defense witnesses. We affirm.
When a defendant challenges the sufficiency of the evidence on appeal, we apply the familiar Latimore standard. See Commonwealth v. Latimore, 378 Mass. 671, 677-678 (1979). To support a conviction of operating a motor vehicle while under the influence of alcohol, the evidence and resulting inferences must be "of sufficient force to bring minds of ordinary intelligence and sagacity to the persuasion of [guilt] beyond a reasonable doubt." Commonwealth v. Reynolds, 67 Mass. App. Ct. 215, 218 (2006), quoting from Latimore, supra at 677.
"There are three elements to the crime of operating under the influence of alcohol under G. L. c. 90, § 24 : (1) operation of a vehicle, (2) on a public way, (3) under the influence of alcohol." Commonwealth v. O'Connor, 420 Mass. 630, 631 (1995). "Proof of operating under the influence on a public way may 'rest entirely on circumstantial evidence.' " Commonwealth v. Belliveau, 76 Mass. App. Ct. 830, 835 (2010), quoting from Commonwealth v. Petersen, 67 Mass. App. Ct. 49, 52 (2006).
The evidence offered at trial that this defendant was operating her vehicle while under the influence of alcohol was strong. An experienced, uniformed police officer testified that, on December 7, 2014, he was sitting in a police cruiser monitoring traffic at a busy intersection in the business district of West Concord. At approximately 5:30 P.M. , he heard "a loud crash and screeching tires." He looked to his left and saw a vehicle drive up and over a sidewalk, "heading pretty much directly at the gas station pumps in the gas station in front of that." When the car was approximately seventeen feet from the pumps, it changed direction and made "an abrupt turn back, accelerating back to Main Street towards the proper lane of travel" where it should have been traveling. Back in the street, it "continued straight across and struck another curbing" and then continued to travel down the road, before parking in a marked parking space, but "kind of awkwardly caddy-cornered and half of the vehicle was in the roadway." The roads in question are maintained by the town of Concord.
The officer pulled his cruiser behind the vehicle and discovered that the defendant was the operator. He also detected a strong odor of an alcoholic beverage coming directly from the defendant's breath. The defendant then failed attempts at performing three different field sobriety tests and was unsteady on her feet. Her speech was slurred; her eyes were glassy and bloodshot, and she admitted to consuming alcohol half an hour before the accident.[3]
The defendant's mechanic testified that he spoke with the defendant during the week prior to December 9, 2014, about a steering problem she was having with her car, and that on December 23, 2014, he repaired a broken left tie rod and aligned the defendant's car.[4] The defendant's daughter testified that she was a passenger in the vehicle and had experienced no concerns about her mother's driving.
Nonetheless, "[t]he weight and credibility of the evidence is the province of the jury." Commonwealth v. Dubois, 451 Mass. 20, 28 (2008). Reviewing all of the evidence in the light most favorable to the Commonwealth, as we must, see Commonwealth v. Lawson, 475 Mass. 806, 816 (2016), we are satisfied that the evidence was sufficient to support the defendant's conviction. Compare Commonwealth v. Gallagher, 91 Mass. App. Ct. 385, 392-393 (2017) ("In the light most favorable to the Commonwealth, the defendant exhibited classic symptoms of alcohol intoxication: her eyes were bloodshot and glassy; an odor of alcohol emanated from her person; her speech was slurred; she admitted to drinking three beers; she parked her car 'crooked[ly]' or 'diagonally' across two parking spaces, contrary to instructions; she swayed and could not stand straight while being instructed on how to perform field sobriety tests; and she was unable to properly perform two out of three of the tests. From all of this, a rational jury were entitled to find the defendant guilty of OUI").
Judgments affirmed.

The defendant was found responsible for a civil marked lanes violation, which was placed on file.

According to the officer, during the booking process the defendant also volunteered that "alcohol consumption was a factor in the collision, as well as [an] anecdotal issue with her vehicle."

The mechanic testified that he had a telephone conversation with the defendant the week prior to December 9, 2014, during which she told him that the "car was driving funny and not feeling comfortable to drive, kind of scary." He also testified that a broken tie rod can cause a loss of control of a car, as "one wheel goes one way and the other one stays .... Depending on how hard you step on the gas, you'll have a carnival ride."