After a jury trial, the defendant, Saintpierre Valbrun, was convicted of negligent operation of a motor vehicle, G. L. c. 90, § 24 (2) (a ), and acquitted of operating under the influence of liquor, second offense, G. L. c. 90, § 24 (1) (a ) (1).[2] He argues on appeal that there was insufficient evidence of negligent operation, that the trial judge improperly sanctioned him for violation of a discovery order by precluding certain evidence, and that the trial judge improperly admitted opinion testimony as to his sobriety. We affirm.
1. Sufficiency of the evidence. The Commonwealth was required to prove beyond a reasonable doubt that the defendant "(1) operated a motor vehicle, (2) upon a public way, (3) (recklessly or) negligently so that the lives or safety of the public might be endangered." Commonwealth v. Duffy, 62 Mass. App. Ct. 921, 921 (2004). The defendant challenges the sufficiency of the evidence only with respect to the third element. In evaluating whether a conviction was supported by sufficient evidence, we consider whether the evidence, viewed in the light most favorable to the Commonwealth, could satisfy a rational trier of fact of each element of the crime beyond a reasonable doubt. Commonwealth v. Latimore, 378 Mass. 671, 677-678 (1979). In that light, the jury could have found the following.
At around 8:20 P . M . on October 23, 2015, the defendant was driving on Interstate Highway 95 near Canton. The road had three lanes plus a breakdown lane, and there was light to medium traffic. The defendant was traveling with the flow of traffic, which was around sixty-five miles per hour. State police Trooper Adrian Webb Johnson observed the defendant drift from the right lane across the rumble strip so that half the vehicle was in the breakdown lane, drift back across the right lane, and then partially into the middle lane. The defendant repeated this behavior two more times, so that his vehicle "weaved over the lane about ... six total times." The defendant did not turn on his directional signal during this weaving.
Johnson activated his lights to pull the defendant over. He followed the defendant approximately 500 meters without response. He then "started hitting [his] siren and [his] air horn," which eventually got the defendant's attention. The defendant then pulled into the breakdown lane.
When Johnson approached the vehicle, he noticed an empty bottle of vodka in the rear passenger foot area well, behind the driver's seat. The defendant had glassy and bloodshot eyes. Johnson asked the defendant for his license and registration; he appeared poorly coordinated and, before producing these documents, produced a document from the glove box that was not the registration and a Bank of America card from his wallet that he thought was his license. When the trooper asked the defendant where he was coming from, he responded with slurred speech. Johnson eventually asked the defendant to exit the vehicle, which he was unable to do without Johnson opening the door for him. The defendant was unsteady on his feet, swaying back and forth, and smelled of alcohol. Johnson formed the opinion that he was intoxicated.
This evidence was sufficient for a jury to convict the defendant of negligent operation. A rational juror could conclude beyond a reasonable doubt that thrice weaving among three lanes, one of which was a breakdown lane, in light to medium traffic on an interstate highway, was negligent and sufficiently dangerous that the public might have been endangered. This is particularly so given that breakdown lanes exist to provide a place for vehicles to stop, such that weaving in and out of them creates an especially high risk of endangerment. And although the Commonwealth did not prove that the defendant hit or narrowly missed another vehicle or a pedestrian, it did not need to do so because "[t]he statute only requires proof that the lives or safety of the public might be endangered, not that they were endangered." Commonwealth v. Daley, 66 Mass. App. Ct. 254, 256 (2006).
2. Discovery sanction. The defendant argued at trial that his behavior was caused by fatigue and distraction, not intoxication. He testified that he had worked a night shift ending at 6:00 A . M . the morning of the incident followed by a morning shift ending at 1:00 P . M ., and did not drink alcohol. He also testified that he then borrowed the vehicle, drove from Boston to Rhode Island to deliver some money to his daughter, and was driving back to Boston, while talking on his "phone," when Johnson stopped him. He sought to bolster his testimony by introducing pay stubs that would have shown he was working when he said he was, and hence had not had the opportunity to sleep. But he did not produce the pay stubs until the day of trial, so the judge, as a discovery sanction, precluded him from introducing them.
"In imposing the severest sanction, that of preclusion or striking of evidence, the judge should make clear that [he] has taken into account certain requisite factors in the course of balancing the vindication of the rules against a defendant's right to present witnesses. Those factors include: (1) prevention of surprise; (2) evidence of bad faith in the violation of the conference report; (3) prejudice to the other party caused by the [violation]; (4) the effectiveness of less severe sanctions; and (5) the materiality of the testimony [in issue] to the outcome of the case." (Citation and quotations omitted.)
Commonwealth v. Steinmeyer, 43 Mass. App. Ct. 185, 190 (1997).
The defendant argues that the judge erred by summarily precluding the evidence without explicitly considering these five factors, and that the erroneous preclusion violated his constitutional rights. But, whether or not the defendant is correct, affirmance is nonetheless proper if the Commonwealth can prove that the error was harmless beyond a reasonable doubt. See Commonwealth v. Dranka, 46 Mass. App. Ct. 38, 43 (1998). The Commonwealth has satisfied that heavy burden.
The defendant sought to introduce the pay stubs to show that he was tired, not drunk. While that may be a defense to a charge of operating under the influence of alcohol, it is no defense to a negligent operation charge. Indeed, a defense argument that one drove negligently in a manner that might endanger the public because one was tired and distracted, not drunk, actually amounts to an admission of criminal liability. That the excluded evidence was of little value beyond the defendant's own testimony is demonstrated in this case by the fact that the jury, without the pay stubs, actually acquitted the defendant of operating under the influence of alcohol, despite finding that he was operating a vehicle on a public way. They evidently were not persuaded that he was under the influence of alcohol. See Commonwealth v. O'Connor, 420 Mass. 630, 631 (1995) (the three elements of operating under the influence of alcohol are "[1] operation of a vehicle, [2] on a public way, [3] while under the influence of alcohol"). Given the nature of the argument the pay stubs support and the jury's conclusion on the operating under the influence of alcohol charge, we conclude that in this case exclusion of his pay stubs was harmless beyond a reasonable doubt with respect to the charge on which the defendant was convicted.
3. Opinion testimony on sobriety. When asked for an opinion on the defendant's sobriety, Johnson initially responded that he formed the opinion that the defendant had been operating under the influence. The defendant objected, and the judge struck this response and told the jurors to disregard it. When asked again for his opinion on the defendant's sobriety only, Johnson testified that he "formed an opinion that he was under the influence, that he was impaired." The defendant did not object to this testimony but, for the first time on appeal, argues that the judge should have struck it too. There was no error. See Commonwealth v. Canty, 466 Mass. 535, 544 (2013) (prohibiting witnesses from opining that a defendant was operating under the influence, but permitting them to opine that the defendant was under the influence or impaired).
Judgment affirmed.

The defendant was also found responsible for a marked lanes violation, G. L. c. 89, § 4A.