NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

22-P-500                                            Appeals Court

COMMONWEALTH  vs.  WINSTON A. WAITE.

No. 22-P-500.

Bristol.     February 7, 2023. – May 11, 2023.

Present:  Vuono, Sullivan, & Singh, JJ.

Motor Vehicle, Operating under the influence, Operation.
     Evidence, Admissions and confessions, Corroborative
     evidence, Intoxication, Field sobriety test, Opinion.
     Practice, Criminal, Admissions and confessions, Witness,
     Instructions to jury, Argument by prosecutor.  Witness,
     Police officer.


     Complaint received and sworn to in the Taunton Division of
the District Court Department on July 21, 2020.

     The case was tried before Maureen McManus, J.


     Jon R. Maddox for the defendant.
     Nathaniel W. Kennedy, Assistant District Attorney, for the
Commonwealth.


     SULLIVAN, J.  A District Court jury found the defendant,

Winston A. Waite, guilty of operating under the influence of

intoxicating liquor.  See G. L. c. 90, § 24 (1) (a) (1).[1]  On

_____

     [1] The defendant was acquitted of negligent operation of a
motor vehicle, see G. L. c. 90, § 24 (2) (a), and found not

appeal, the defendant asserts that (1) there was insufficient corroboration of his admission to operating the car; (2) the judge should have given, sua sponte, a jury instruction clarifying that the testifying trooper's opinions were lay opinion and not expert opinion; (3) the prosecutor, in closing argument, improperly encouraged the jury to perform field sobriety tests during deliberation; and (4) the judge abused her discretion when she did not permit him to play a portion of the audiotape of the trooper's testimony during his closing argument.  We affirm.

Background.  We summarize the facts as presented to the jury in the light most favorable to the Commonwealth, reserving certain facts for later discussion.  See Commonwealth v. O'Connor, 420 Mass. 630, 631 (1995).  At approximately 1 A.M. on July 10, 2020, two Massachusetts State Troopers, Nathan Hayes and Ross Weddleton, were dispatched to the scene of a single-car accident on Route 140 in Taunton.  Upon arriving at the scene, Trooper Hayes saw two people outside the car, which had a flat tire on the right passenger side and a damaged front bumper; one of them, the defendant, was changing the flat tire.

responsible for a marked lane violation, see G. L. c. 89, § 4A, and possession of an open container of alcohol in a motor vehicle, see G. L. c. 90, § 24I.

The defendant told Trooper Hayes that while he was driving, he swerved to avoid an animal and hit the curb. According to the trooper, the defendant smelled like alcohol, his speech was slurred, his eyes were glassy and bloodshot, and he could not describe the animal he said he had swerved to avoid. When asked, the defendant explained that he had been at Nantasket Beach for most of the day with the other person at the scene, and that he had been drinking earlier in the day. The defendant told Trooper Hayes that he was on his way to work, and that he was due there at midnight. The defendant thought it was 11:30 P.M., when in fact it was 1:20 A.M.

Hayes asked the defendant to perform two field sobriety tests, the "walk-and-turn test" and the "one-leg stand" test. The defendant did not object to performing either test. The trooper described for the jury his training and experience, the purpose of the tests, and the procedure followed to administer the tests. The walk and turn test involved walking heel to toe for nine steps, turning around, and walking heel to toe for nine steps in the other direction, while counting the steps aloud. In the trooper's view, the defendant did not pass this test -- the defendant started without being told to do so, missed the heel to toe steps, did not turn around correctly, and walked back eleven steps instead of nine. The one-leg stand test involved standing on one leg with the elevated foot at least six

inches off the ground for thirty seconds. The trooper determined that the defendant "successfully completed" this test.

Based on his observations, Trooper Hayes formed the opinion that the defendant was intoxicated and arrested him for operating while under the influence.

Discussion. 1. Corroboration. To sustain the conviction, there must be proof beyond a reasonable doubt that the defendant operated the car on a public way while under the influence of alcohol. See G. L. c. 90, § 24 (1) (a) (1); O'Connor, 420 Mass. at 631. The defendant contends that the evidence of operation was insufficient because there was little or no evidence to corroborate his statement that he was the driver of the car.

"[A]n uncorroborated confession is 'insufficient to prove guilt.'" Commonwealth v. Leonard, 401 Mass. 470, 472 (1988), quoting Commonwealth v. Forde, 392 Mass. 453, 457 (1984). The Supreme Judicial Court adopted this rule to "preclude[] the possibility of conviction of crime based solely on statements made by a person suffering a mental or emotional disturbance or some other aberration." Forde, supra at 457-458. Accordingly, "[t]he corroboration required, though important, is 'quite minimal.'" Commonwealth v. Green, 92 Mass. App. Ct. 325, 327 (2017), quoting Commonwealth v. Villalta-Duarte, 55 Mass. App. Ct. 821, 825-826 (2002). "The corroboration rule requires only

that there be some evidence, besides the confession, that the criminal act was committed by someone, that is, that the crime was real and not imaginary." Forde, supra at 458.

Here, "[a]dditional corroboration was provided . . . in the explanation given by the defendant about how the accident occurred." Commonwealth v. Adams, 421 Mass. 289, 291 (1995). The damage to the car bumper and the flat right passenger tire were consistent with the defendant's statement to the trooper that he had hit the curb. The defendant performed the field sobriety tests without protest.[2] A finder of fact could consider all of these events and "infer operation from the facts and circumstances surrounding the accident and from the defendant's cooperation with the field sobriety tests." O'Connor, 420 Mass. at 631.[3] Unlike Leonard, 401 Mass. at 472, upon which the defendant relies, no one else claimed to have been driving the

_____

[2] We recognize that a person may not feel entirely free to refuse the directive of a law enforcement officer, see generally Commonwealth v. Matta, 483 Mass. 357, 363 (2019), but that inference is for the fact finder. For purposes of corroboration, and ultimately sufficiency, the fact that the defendant took the field sobriety tests is some evidence corroborating the admission.

[3] The defendant points to Trooper Hayes's testimony on cross-examination that the trooper did not know where the car keys were and did not check the placement of the driver's seat. Certainly, evidence on these matters would have been material. However, for purposes of the corroboration rule, we look to whether the existing evidence was corroborative, not whether there could have been better evidence.

car.[4]  We are satisfied that there was adequate corroboration --

"there was evidence that the crime of operating a motor vehicle

while under the influence 'was real and not imaginary.'"

Commonwealth v. Lagotic, 102 Mass. App. Ct. 405, 409 (2023),

quoting Commonwealth v. Gibson, 489 Mass. 37, 53 (2022).

2.  Jury instruction.  At the close of the trial, the

defendant did not request, and the judge did not give, a jury

instruction that the trooper's testimony was lay testimony as

opposed to expert testimony.  The defendant now claims that the

judge should have provided such an instruction sua sponte.

Because the defendant did not request the jury instruction, we

ask whether the absence of the instruction was error that

"created a substantial risk of a miscarriage of justice."

Commonwealth v. Dussault, 71 Mass. App. Ct. 542, 544 (2008).

Relying on a suggestion in the dissenting opinion in

Commonwealth v. Gallagher, 91 Mass. App. Ct. 385, 399 (2017)

(Agnes, J., dissenting),[5] the defendant contends that without a

---

[4] For this reason, and others enumerated in Commonwealth v. Lagotic, 102 Mass. App. Ct. 405 (2023), Leonard is inapplicable. In Lagotic, the defendant was the sole person at the scene. See id. at 406.  This case presents a slightly different scenario, but the presence of another person at the accident scene "cannot serve to undermine the probative value of the corroborative evidence previously discussed."  Adams, 421 Mass. at 292.

[5] The dissent in Gallagher made the following observation:

"Perhaps consideration should be given to the use of
an instruction that informs the jury that a police

specific instruction, the jury may have mistaken the trooper's lay testimony about field sobriety tests for expert testimony based on scientific, technical, or other specialized knowledge. We agree with the defendant that this testimony is lay, not expert testimony. "A lay juror understands that intoxication leads to diminished balance, coordination, and mental acuity from common experience and knowledge." Commonwealth v. Sands, 424 Mass. 184, 188 (1997). See Commonwealth v. Canty, 466 Mass. 535, 541-542 (2013). That recognition does not mean, however, that such an instruction must be given sua sponte. As we previously have said, a judge need not give such an instruction where it was not requested. See Commonwealth v. Moreno, 102 Mass. App. Ct. 321, 327 (2023).[6] For this reason alone, there was no legal error.

Moreover, the defendant here may well have had tactical reasons for not seeking such an instruction. Defense counsel

---

officer's opinion about a driver's performance on field sobriety tests like those used in this case is not an expert opinion based on scientific, technical, or other specialized knowledge but, rather, testimony based on the officer's experience, which the jury may accept or reject."

Gallagher, 91 Mass. App. Ct. at 399 (Agnes, J., dissenting).

[6] Upon request, whether to give such an instruction falls squarely in the broad discretion of the trial judge. See Commonwealth v. Gomes, 470 Mass. 352, 359 (2015).

argued to the jury that the trooper concluded that the defendant had the coordination and balance to satisfactorily complete one of two field sobriety tests; he urged the jury to find that the defendant was not impaired.  It is for this reason, among others, that trial judges exercise caution in giving instructions sua sponte, lest the instructions "interfere[] with the defendants' right to present their chosen defenses."  Commonwealth v. Gulla, 476 Mass. 743, 748 (2017), quoting Commonwealth v. Norris, 462 Mass. 131, 144 (2012).

Finally, the judge specifically instructed the jury that they alone should decide what the defendant's performance on field sobriety tests meant.[7]  Although the instruction did not specify whether the trooper testified as a layperson or an expert, its over-all meaning was clear.  Any risk that the jury would place undue weight on the trooper's testimony was mitigated by the fact that the trooper presented evidence that was favorable to the defendant, and by the judge's instructions to the jury.

---

[7] "You have heard evidence in this case that the defendant performed field sobriety or road assessment tests.  It is for you to decide if those tests and assessments demonstrated the defendant's ability to operate a motor vehicle safely was diminished.  It is for you to decide whether to rely on this evidence.  You may accept or reject it.  You may give it such weight as you think it deserves."

3.  Closing argument.  The prosecutor made the following statement during closing argument:  "So [the defendant] does the nine-step walk-and-turn. . . .  You guys can try it in the back of -- the back of the room.  It's very simple.  You have to walk in a straight line."  The defendant contends that the statement was improper and prejudicial because the proposed reenactment was not evidence and the conditions in the jury room were markedly different from conditions on the night of the arrest.

"[T]he prosecutor should not encourage the jury to conduct experiments or to obtain outside information of any sort." Commonwealth v. Beauchamp, 424 Mass. 682, 691 (1997).  As discussed above, matters of balance and coordination fall within the common experience of jurors.  Jurors may bring their experience into the court room.  "To expect jurors to perform their duties without the benefit of their life experiences is unrealistic and undesirable."  Commonwealth v. Watt, 484 Mass. 742, 759 (2020).  However, the prosecutor's invitation to a group reenactment under conditions different from those on the night of the arrest went beyond the jury's reliance on their own experience.  We agree that the remark should not have been made. We turn to an assessment of prejudice.

Where, as here, the defendant lodged an objection to the closing argument, "'[t]he standard for determining whether a conviction must be reversed' is whether the improprieties at

trial constituted prejudicial error." Commonwealth v. Peno, 485 Mass. 378, 399 (2020), quoting Commonwealth v. Santiago, 425 Mass. 491, 500 (1997), S.C., 427 Mass. 298 and 428 Mass. 39, cert. denied, 525 U.S. 1003 (1998). "We consider four factors in determining whether an error made during closing argument is prejudicial: (1) whether the defendant seasonably objected; (2) whether the error was limited to collateral issues or went to the heart of the case; (3) what specific or general instructions the judge gave the jury which may have mitigated the mistake; and (4) whether the error, in the circumstances, possibly made a difference in the jury's conclusions" (quotation and citation omitted). Commonwealth v. Lester, 486 Mass. 239, 248 (2020).

Intoxication was a central issue in the case, but the field sobriety tests cut both ways. The prosecutor's closing argument focused on the totality of the evidence of intoxication. This was a single-car accident. The defendant admitted to drinking that day; he had bloodshot, glassy eyes and slurred speech; he emanated an odor of alcohol from his breath and person; he could not describe the circumstances of the accident with any detail; and he did not know what time it was and that he was already late for work. The judge thrice reminded the jury that statements made in closing argument were not evidence. Given the strength of the Commonwealth's case and the judge's clear instructions, we cannot say that this error "possibly made a

difference in the jury's conclusions" (quotation and citation omitted).  <u>Lester</u>, 486 Mass. at 248.

4.  <u>Audiotape of trial testimony</u>.  During closing argument, the defendant attempted to play a portion of the audiotape of the trooper's trial testimony (recording).  The prosecutor objected, stating that the jury had already heard the witness's testimony and that they were to rely on their memory.  After some discussion, the judge ruled, and the defendant proceeded without playing the recording.

As with the reading of trial testimony for which a transcript is available, we review the judge's ruling regarding the recording for an abuse of discretion.  Our cases state that counsel may read verbatim from the trial transcript in closing argument "so long as [counsel] furnishes opposing counsel with a copy of the transcript from which he or she expects to read."  <u>Commonwealth</u> v. <u>Delacruz</u>, 443 Mass. 692, 695 (2005).  Furthermore, counsel may read from a transcript "without the need for the judge's involvement absent an objection."  <u>Id</u>.  This protocol was followed here with respect to the recording, but there was an objection.[8]  Unfortunately, much of the

---

[8] No argument has been made on appeal that the recording was unclear or inaccurate, or that there were any technological impediments to playing the recorded testimony while also recording the closing argument.

discussion at sidebar was indecipherable, but the parties agree that the judge ruled that the recording should not be played.

We discern no abuse of discretion. This was a short, one-day trial. The testimony was straightforward and did not involve complex or technical matters. Cf. Commonwealth v. Richotte, 59 Mass. App. Ct. 524, 530 (2003) ("In view of the fact that the trial was relatively short, and the principal points of contention were simple matters of credibility, rather than difficult technical matters, we think the trial judge did not abuse his discretion by denying the jury's request for the transcript"). Nor was this a matter where tone was material to the discretionary calculus. See, e.g., Commonwealth v. Wilson, 81 Mass. App. Ct. 464, 474-475 (2012) (appellate court listened to audiotape where tone and tenor of counsel's remarks were necessary to appellate review of criminal contempt finding). The judge permissibly ruled that the jury should rely on their recollection of the testimony. Cf. Commonwealth v. Mandeville, 386 Mass. 393, 405 (1982) ("We emphasize, however, that such discretion should be exercised with caution. The reading of testimony may indeed overemphasize certain aspects of the case").

Judgment affirmed.