NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-790

COMMONWEALTH

vs.

SEAN GIORGI.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a jury-waived trial, a District Court judge convicted the defendant of operating a motor vehicle under the influence of intoxicating liquor.  On appeal the defendant argues that the judge should have allowed his motion for a required finding of not guilty.  We affirm.

The offense of operating under the influence of intoxicating liquor has three elements:  "(1) operation of a vehicle, (2) on a public way, (3) under the influence of alcohol."  Commonwealth v. O'Connor, 420 Mass. 630, 631 (1995). At trial the parties stipulated to the first two elements. Thus, the only issue before us is whether the evidence was sufficient to show that the defendant was under the influence of alcohol when he operated his vehicle.  To satisfy this element, the Commonwealth had to "prove beyond a reasonable doubt that

the defendant's consumption of alcohol diminished the defendant's ability to operate a motor vehicle safely"; it did not need to "prove that the defendant actually drove in an unsafe or erratic manner."  Commonwealth v. Connolly, 394 Mass. 169, 173 (1985).

The evidence at trial showed that at approximately 11:50 P.M. on March 13, 2022, the defendant was involved in a single-vehicle accident on Route 2 in Westminster.  A State trooper responded to the scene and observed the defendant's vehicle "overturned on its roof at rest in the median."  The vehicle had crashed "through the center median," "rolled over multiple times," and landed on its roof about fifty feet from where it left the road.  There was "barely any traffic" on the road when the trooper arrived.

The defendant, who was ejected from the vehicle, sustained critical injuries and was put in an ambulance.  The trooper spoke briefly to him in the back of the ambulance and "right away" noticed a "pretty substantial" odor of alcohol.  Right in the "immediate vicinity" of the defendant's vehicle, the trooper found an empty 1.75-liter bottle of rum, along with a few empty "nips."

This evidence was sufficient to prove that the defendant operated his vehicle while under the influence of alcohol.  The defendant was in a serious, single-vehicle accident when there

2

was little other traffic on the road, he was emitting a strong odor of alcohol, and there were multiple empty bottles of alcohol next to his vehicle.  The judge could reasonably have inferred from this that the defendant's consumption of alcohol diminished his ability to operate his vehicle safely.  See Commonwealth v. Hilton, 398 Mass. 63, 68 (1986) ("The manner in which the automobile was parked, half on the street and half on the sidewalk, was evidence that it may have been driven by a driver under the influence of alcohol"); Commonwealth v. Proia, 98 Mass. App. Ct. 125, 127-129 (2020) (finding of impairment supported by evidence that defendant was involved in serious accident, smelled of alcohol, and had bloodshot eyes and slurred speech).  Although the defendant offers alternative, innocent interpretations of the evidence, "the weight of the evidence is not the yardstick we use to test" sufficiency.  Commonwealth v. Rarick, 87 Mass. App. Ct. 349, 353 (2015).  Rather, we ask whether the Commonwealth presented proof that was sufficient to allow a rational trier of fact to convict.  See id.  The evidence here and the inferences therefrom, viewed in the light most favorable to the Commonwealth, met that standard.  See Commonwealth v. Ross, 92 Mass. App. Ct. 377, 378 (2017), quoting Commonwealth v. Waller, 90 Mass. App. Ct. 295, 303 (2016) ("The

3

inferences that support a conviction 'need only be reasonable and possible; [they] need not be necessary or inescapable'").

<u>Judgment affirmed</u>.

By the Court (Rubin, Blake & Shin, JJ.[1]),

*Paul Little*

Assistant Clerk

Entered:  March 6, 2024.

---

[1] The panelists are listed in order of seniority.

4