NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-253

COMMONWEALTH

vs.

CARRIE A. JOHNSON.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

A District Court jury convicted the defendant of operating a motor vehicle under the influence of intoxicating liquor (OUI). On appeal the defendant argues that the trial judge should have allowed her motion for a required finding of not guilty, that the judge abused his discretion in restricting defense counsel's cross-examination of the Commonwealth's witness, and that defense counsel was ineffective. We affirm.

1. Sufficiency of the evidence. The offense of OUI has three elements: "(1) operation of a vehicle, (2) on a public way, (3) under the influence of alcohol." Commonwealth v. O'Connor, 420 Mass. 630, 631 (1995). The defendant challenges only the third element, which required the Commonwealth to

"prove beyond a reasonable doubt that the defendant's consumption of alcohol diminished the defendant's ability to operate a motor vehicle safely" (emphasis omitted). Commonwealth v. Connolly, 394 Mass. 169, 173 (1985). In determining whether the Commonwealth met this burden, we ask "whether the evidence, in its light most favorable to the Commonwealth, notwithstanding the contrary evidence presented by the defendant," was sufficient to permit a rational trier of fact to find the element beyond a reasonable doubt. O'Connor, supra, quoting Commonwealth v. Latimore, 378 Mass. 671, 676-677 (1979).

Viewing the evidence in the light most favorable to the Commonwealth, the jury could have found the following facts. At approximately 7:30 P.M. on August 27, 2021, a West Bridgewater police officer saw a vehicle in front of him cross over the double yellow center lines into the opposing lane of travel. While the officer was "closing the distance between the vehicle and [himself]," he saw the vehicle cross over the yellow center lines again; this time, "the majority of the vehicle" went "over the yellow lines." The officer activated his lights and sirens, and the vehicle stopped without incident.

The officer approached the driver, later identified as the defendant, and saw that her eyes were bloodshot and glassy. There was also an odor of alcohol coming from the defendant's

2

breath, and the officer saw an open beer can in the cup holder of the vehicle.  When the officer asked the defendant if she had been drinking that night, she replied that she "had had a few beers but that she paced herself so she wouldn't get in trouble."  The officer proceeded to administer four field sobriety tests.  On the alphabet test, which "is simply saying the alphabet A through Z," the defendant "said letters out of order," missed a letter, and was unable to recite the alphabet completely, despite trying twice.  On the counting test, which requires counting backwards from eighty-nine to seventy-five, the defendant "counted very slowly" and "missed seventy-six while counting."  On the nine-step walk and turn test, the defendant did not touch heel to toe on any of her steps, took the incorrect number of steps, and "was unstable on her feet which made her step off the line."  On her first attempt at the one-leg stand test, the defendant "immediately lost her balance putting her foot down and raising her arms parallel to the ground."  She tried two more times and almost fell over on her last attempt, causing the officer to "terminate[] the test for safety."  Based on his observations, the officer concluded that the defendant was "drunk."

This evidence, when considered in its totality, was sufficient to prove that the defendant was under the influence of alcohol.  The defendant drove erratically, admitted to

drinking that night, had an open beer can in her vehicle, exhibited physical signs of alcohol consumption, and performed poorly on four field sobriety tests. The jury could reasonably have inferred from this that the defendant's consumption of alcohol diminished her ability to operate her vehicle safely. See Commonwealth v. Gallagher, 91 Mass. App. Ct. 385, 392-393 (2017); Commonwealth v. Rarick, 87 Mass. App. Ct. 349, 353 (2015). In arguing otherwise, the defendant points to evidence favorable to her -- including that she had no difficulty parking her vehicle, was coherent and cooperative, and was not swaying or slurring her speech -- and posits that her knee and back injuries could have accounted for her poor performance on some of the field sobriety tests. But "the weight of the evidence is not the yardstick we use to test whether the evidence satisfies the requirement of proof beyond a reasonable doubt." Rarick, supra. Rather, we ask whether the Commonwealth presented proof that was sufficient to allow a rational trier of fact to convict. See id. at 354. The evidence here, viewed in the light most favorable to the Commonwealth, met that standard.

2. Restriction on cross-examination. During defense counsel's cross-examination of the officer, he asked two questions about the "accuracy" of the alphabet test and the one-

leg stand test.[1]  The Commonwealth objected, and the judge

sustained both objections.  The defendant argues that these

rulings violated her rights to present a complete defense and to

confront the witnesses against her through cross-examination.

We are unpersuaded.

"A trial judge has broad discretion to limit cross-

examination of a witness."  Commonwealth v. Mercado, 456 Mass.

198, 203 (2010).  In determining whether a judge acted beyond

his discretion, "we weigh the materiality of the witness's

direct testimony and the degree of the restriction on cross-

examination."  Id., quoting Commonwealth v. Vardinski, 438 Mass.

444, 451 (2003).

Here, the officer's testimony on direct that the defendant

was "drunk" was a lay opinion, and ordinary field sobriety tests

can "supply [a] basis" for such an opinion without transforming

it into a scientific opinion.  Rarick, 87 Mass. App. Ct. at 353

n.5.  See Commonwealth v. Canty, 466 Mass. 535, 541 (2013).

This is because ordinary field sobriety tests "measure a

person's sense of balance, coordination, and acuity of mind in

_____

[1] Specifically, defense counsel asked, "And is there data or
. . . anything that you know of that indicates the accuracy of
using the alphabet test to --" and "Officer, if you know do you
know . . . what the rate of accuracy is . . . for [the one-leg
stand] test to determine if somebody is under the influence?"
The Commonwealth objected before defense counsel could finish
asking the first question about the alphabet test.

understanding and following simple instructions," and "a lay juror understands that intoxication leads to diminished balance, coordination, and mental acuity from common experience and knowledge." Commonwealth v. Sands, 424 Mass. 184, 188 (1997). Thus, "[w]hat [the officer] observed, both before and during the sobriety tests, was within the scope of a juror's common experience of intoxication." Commonwealth v. Moreno, 102 Mass. App. Ct. 321, 325 (2023).

While conceding that the officer was testifying as a lay witness, the defendant claims that defense counsel's questions about the "accuracy" of the field sobriety tests were still relevant because the Commonwealth "spent the bulk of direct eliciting testimony from this officer on his training and experience with OUI [field sobriety tests] and the officer's opinion of [the defendant's] success on those tests." This is an inaccurate characterization. The officer testified briefly on direct that he received training on investigating OUIs, which included "the standard procedure block of instruction to recognize signs of impairment as well as how to administer and recognize field sobriety testing," and that he had participated in approximately thirty OUI investigations during his career as a West Bridgewater police officer. This testimony spans less than one page of the transcript. The remainder of the officer's direct testimony was appropriately confined to his observations

6

of the defendant on the night in question.  The officer did not tie his observations to his training and experience, nor did he use words like "pass" or "fail" when testifying about the defendant's performance on the field sobriety tests.  He described only what he observed.

Given what the officer testified to on direct, we see no merit to the defendant's argument that the judge erred in restricting defense counsel from cross-examining the officer about the "accuracy" of the field sobriety tests.  The questions were of limited relevance because the officer was not testifying as an expert and, contrary to the defendant's characterization, did not testify or suggest that he formed the opinion that the defendant was "drunk" based on scientific or technical training or experience.  See Moreno, 101 Mass. App. Ct. at 324-325 (officer's testimony about his training and experience, combined with use of term "sobriety test," did not transform his testimony from lay opinion to expert opinion).  Moreover, defense counsel cross-examined the officer at length without any other restriction.  With regard to the alphabet test, defense counsel elicited from the officer that the defendant was able to recite the alphabet without singing or slurring her words and missed only one letter and that there is no "guide that is given to help an officer determine whether . . . somebody passes or fails the alphabet test."  With regard to the one-leg stand

test, defense counsel elicited from the officer that the defendant complied with his instructions and did not start the test too soon and that the defendant's back and knee injuries could have impacted her ability to complete the test.[2] Especially where the subject of the field sobriety tests was thoroughly aired, we discern no abuse of discretion in the judge's narrow restriction on cross-examination. See Mercado, 456 Mass. at 204 (no abuse of discretion in limiting use of photographs in cross-examination where defense counsel thoroughly cross-examined witness on point in question); Commonwealth v. Avalos, 454 Mass. 1, 8 (2009), quoting Commonwealth v. LaVelle, 414 Mass. 146, 154 (1993) (no abuse of discretion in sustaining objections to two questions on cross-examination "because the issue was 'sufficiently aired'").

3. <u>Ineffective assistance of counsel</u>. The defendant argues that trial counsel was ineffective for failing to introduce medical records documenting the defendant's knee and back issues, for failing to advise her about whether to proceed with a jury or jury-waived trial, and for failing to object to the officer's testimony about seeing a beer can in the vehicle.

---

[2] Defense counsel did not ask the officer about the accuracy of the counting test or the nine-step walk and turn test. In any event, defense counsel also cross-examined the officer at length about his observations of the defendant's behavior during those tests.

8

The defendant did not file a motion for a new trial, however, and her claims do not fall within the "narrow" exception that applies "when the factual basis of the claim appears indisputably on the trial record."[3]  Commonwealth v. Zinser, 446 Mass. 807, 811 (2006), quoting Commonwealth v. Adamides, 37

_____

[3] The defendant's record appendix includes affidavits from the defendant and from appellate counsel.  These affidavits are not part of the trial record, and their inclusion in the record appendix was improper.  See Commonwealth v. Phoenix, 409 Mass. 408, 432 n.17 (1991).

Mass. App. Ct. 339, 344 (1994).  We thus decline to consider the claims on direct appeal.  See Commonwealth v. Gilman, 89 Mass. App. Ct. 752, 761-762 (2016).

Judgment affirmed.

By the Court (Henry, Shin & Brennan, JJ.[4]),

Clerk

Entered: April 7, 2025.

---

[4] The panelists are listed in order of seniority.